## 50596. THE STATE v. COCHRAN.

QUILLIAN, Judge.

A detective from the City of Macon Police Department secured a warrant "to search . . . the places and persons for the property specified" which was described as "illegal drugs and narcotics" believed to be in "automobiles, on persons and in two buildings located on the premises and curtilage . . . known as the Sunshine Club." In the execution of the warrant, Macon and Bibb County police officers sealed off the premises of the Sunshine Club and stopped a car on the premises which was attempting to leave, in which the defendant was riding. The officer's testimony leaves doubt as to whether the defendant's car started to leave before or after the announcement by the police as to who they were and why they were there. Defendant was searched and found to be in possession of phencyclidine (PCP). In view of the decision we reach we need not speculate as to the effect of *Sundberg v. State,* 234 Ga. 482. At trial defendant moved to suppress items seized as a result of the search contending that there was no warrant issued to search him or the automobile, nor was there probable cause for the issuance of a search warrant to search him. The court granted the motion to suppress on the basis that the "search warrant is a general search warrant prohibited by the constitution and laws of the United States and State of Georgia." The state appeals. *Held:*

1. The Fourth Amendment to the United States Constitution provides, in part, that "No warrants shall issue, but upon probable cause . . . *particularly describing*

the place to be searched, and the persons or things to be seized." (Emphasis supplied.) Almost identical wording is found in Paragraph XVI of our State Constitution. Particularity being the sine qua non of a valid warrant, a general warrant is of course void. *Willis v. State,* 122 Ga. App. 455, 457 (177 SE2d 487). The United States Supreme Court, referring to the wording of the Fourth Amendment in Stanford v. Texas, 379 U. S. 476, 481 (85 SC 506, 13 LE2d 431) (1965), stated: "These words are precise and clear. They reflect the determination . . . that the people of this new Nation should forever 'be secure in their persons, houses, papers and effects' from intrusion and seizure by officers acting under unbridled authority of a general warrant." By definition, a general warrant is "one which does not sufficiently specify the place or the person to be searched." De Angelo v. State, 199 Md. 48 (85 A2d 468).

It is an uncommon occurrence to find a warrant issued for the search of a public place, and all automobiles and occupants found frequenting a commercial establishment which is accessible to the entire public. The phenomenon was so exceptional that research revealed few reported cases for guidance. Appellant cites *Willis v. State,* 122 Ga. App. 455 (177 SE2d 487) as support for his position that this was not a general warrant. *Willis* is distinguishable. There the warrant was for the search of a designated apartment, its tenants, "any other person on said premises who reasonably might be involved in the commission of the aforesaid violation of the laws of Georgia." Id. p. 456. The Sunshine Club is a commercial establishment, not a private apartment. Neither was there a limitation in this warrant, found in *Willis,* to persons who "reasonably might be involved" in unlawful activity. The authority purportedly conferred in this warrant was to search all autos and occupants found on the premises.

2. The Fourth Amendment protects persons, not just places. Katz v. United States, 389 U. S. 347 (1967). Further, the Fourth Amendment protection of constitutional rights is extended to include commercial premises. Mancusi v. DeForte, 392 U. S. 364 (1968).

3. We need not reach the issue of whether this was a general warrant as it applied to the Sunshine Club or to

others upon the premises during the search. We will decide the issue of whether this was a general warrant as it applied to this particular defendant. This court held in *Wallace v. State,* 131 Ga. App. 204 (205 SE2d 523), that searching authorities may not broaden their power to search persons not identified in the warrant beyond the terms of Code Ann. § 27-309 which provides that in the execution of a warrant the official may reasonably detain or search any person in the place at that time (a) to protect himself from attack, or (b) to prevent disposal or concealment of any instruments, articles, or things described in the warrant. The transcript is devoid of any circumstances which would permit officers executing the warrant in the instant case to enlarge the scope of Code Ann. § 27-309 to encompass the sterile acts of the defendant. See United States v. DiRe, 332 U. S. 581 (1948). We find the warrant was "general" as to this particular defendant when he was neither listed by name specifically nor described generally, and no additional indicia of probable cause were provided at the scene of the search. *Willis v. State,* 122 Ga. App. 455, 459, supra, held that a warrant to search designated premises will not authorize the search of every individual who happens to be on the premises. Accord, Grumon v. Raymond, 1 Conn. 40 (6 AD 200) (1814); Crossland v. State, 266 P2d 649 (Okla. 1954); Garrett v. State, 270 P2d 1101 (Okla. 1954). Warrants "which sweep so broadly and with so little discrimination are obviously deficient . . ." Marcus v. Search Warrant, 367 U. S. 717 (1961). "States may not constitutionally issue general warrants which do not describe with particularity the things to be seized" or the person to be searched. Stanford v. Texas, 379 U. S. 476, supra. The indiscriminate sweep of the language employed in this warrant is constitutionally intolerable, as applied to this defendant. Id. p. 486.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED MAY 7, 1975 — DECIDED JUNE 9, 1975.

*Fred M. Hasty, District Attorney, Walker P. Johnson,*

*Jr., Thomas H. Hinson, Assistant District Attorneys,* for appellant.

*S. Phillip Brown,* for appellee.