## 64060. HOLMES et al. v. THE STATE.

POPE, Judge.

On February 20, 1980 appellants Holmes and Cleary were observed speeding on Interstate Highway 75 by a trooper of the Georgia State Patrol. After stopping the car and directing the driver, Holmes, to sit in the patrol car, the trooper suspected Holmes to be intoxicated because he was unsteady on his feet. The trooper asked Holmes if he had been drinking and Holmes replied affirmatively. The trooper then advised Holmes that he was under arrest for speeding and asked him to consent to an intoximeter test at the county jail. Holmes consented. He also advised the trooper that the passenger, Cleary, was the owner of the car.

The trooper then walked toward the car with the intent of directing Cleary to follow him to the jail. However, when Cleary got out of the car he also appeared to be intoxicated. He admitted that he had been drinking. The trooper directed Cleary to secure the car and accompanied him to it. With the car door open, the trooper detected the odor of marijuana smoke. He brought Cleary back to the patrol car and patted him down before putting him in the car. During the

pat-down he discovered a metal cigarette case, opened it and found in it a half-smoked marijuana cigarette. The trooper also patted down Holmes. Appellants were then taken to the county jail. Holmes passed the intoximeter test and therefore was charged with speeding rather than DUI. Cleary was charged with possession of marijuana.

The trooper asked Cleary to consent to a search of the car. He initially consented orally but later refused to sign a consent-to-search form. The trooper then went to a local justice of the peace to obtain a search warrant. The warrant was issued, the car was searched and two suitcases were found on the rear seat. The suitcases were opened and three plastic garbage bags full of marijuana were found inside. Appellants were later indicted for felony possession of this marijuana.

A motion to suppress hearing was conducted on May 20, 1980. The motion was denied on September 10, 1980. Appellants waived trial by jury and a bench trial was conducted on March 27, 1981. Both appellants were found guilty. Holmes was sentenced to 3 years probation, 30 days imprisonment and fined $1000. Cleary was sentenced to 0-6 years under the Youthful Offender Act. Motion for new trial was denied.

Appellants assert four enumerations of error on this appeal: (1) The justice of the peace issuing the search warrant was not a neutral and detached magistrate; (2) The justice of the peace did not make an independent determination of probable cause; (3) The justice of the peace was presented with the fruits of an illegal search and seizure, which thereby tainted any determination of probable cause; and (4) The trial court erred in refusing to grant appellants' motions for a directed verdict of acquittal, presented on the ground that the state allegedly had not established appellants were in knowing possession of the marijuana.

1. Appellants' first three contentions challenge the validity of the search warrant. Assuming arguendo any one of appellants' contentions to be true, the search warrant would be declared invalid and void. The result would be that the search conducted on appellants' car would be classified as a warrantless search. Because we find the search to be legal as a warrantless search, there is no need for us to determine the validity of the warrant.

The United States Supreme Court recently decided that police who have probable cause to believe an automobile contains contraband may search, without a warrant, every part of the vehicle and its contents that may conceal the suspected contraband. United States v. Ross, ——U. S.——, (102 SC 2157, 72 LE2d 572) (1982). Thus, since this clarification of the "automobile exception," the only issue for us to decide pertaining to the search and seizure is whether

the trooper had probable cause to believe there was marijuana in the car. We hold that the trooper's detection of the odor of marijuana smoke coming from within the automobile, together with the totality of the circumstances, was sufficient to provide the probable cause to search the automobile for marijuana. *State v. Medders,* 153 Ga. App. 680 (266 SE2d 331) (1980); *Rogers v. State,* 131 Ga. App. 136 (3) (205 SE2d 901) (1974). See also *Cunningham v. State,* 131 Ga. App. 133 (205 SE2d 899) (1974) (Obiter addendum by Clark, J., at 135-36).

2. Appellants' fourth contention is that their motions for directed verdicts of acquittal were supported by the state's alleged failure to prove knowing possession. We disagree. The facts adduced pointing toward knowledge included: Appellants were brothers-in-law; they worked for the same family-owned business in Ohio; they were returning from a short stay in Florida together; they had driven over 400 miles together that day in Cleary's car; when appellants were stopped Holmes was driving; both appellants appeared to be intoxicated; the odor of marijuana smoke was detected in the car by an experienced state patrolman; Holmes admitted that he and Cleary had smoked half of a marijuana cigarette earlier in the car; the remaining half was found in Cleary's possession; the suitcases containing the bags of marijuana were on the back seat of the car. We conclude that this was ample evidence upon which any trier of fact, the court in this case, could rationally find the knowledge element of the crime. See *Bethay v. State,* 235 Ga. 371 (1) (219 SE2d 743) (1975); *Cunningham v. State,* 235 Ga. 126 (218 SE2d 854) (1975); *Smith v. State,* 152 Ga. App. 134 (3) (262 SE2d 166) (1979).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 14, 1982—
REHEARING DENIED OCTOBER 6, 1982— ▇▇▇▇▇▇▇

*Lawrence W. Roberts,* for appellants.
*Gary C. Christy, District Attorney, J. Anderson Harp, Assistant District Attorney,* for appellee.