66223. WILSON v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for possession of marijuana, cocaine and heroin in violation of the Controlled Substances Act. *Held:*

1. Error is enumerated because the trial court refused to grant defendant's motion to suppress the admission in evidence of the alleged drugs and other items seized from his automobile.

The evidence shows that at about 4:00 a.m. on the day in question two Bibb County sheriff's deputies patrolling near Macon observed that the brake stop lights of a vehicle ahead of them did not operate when stopping for a traffic light. They stopped the car for this and when defendant, who was the driver, got out, deputy Amos recognized him from having seen him as an inmate of the county jail sometime previously. Amos warned the other deputy that defendant was known to carry a gun. While running a check on defendant's driver's license, Amos asked defendant what he was doing out at that hour. Defendant said that he had been at a party, but did not know whose party or where it was located. Amos asked defendant who the two passengers in the car were. Defendant said he did not know one of them and the other's first name was Robert. When Amos asked the two men in the car if they had been at a party, they said that they had not but had just come from Atlanta with defendant. Amos recognized Broady, the man in the front seat, as also having been an inmate of the county jail. Neither Broady nor Scott, the man in the back seat, had

any identification, so Amos ran a check based on their names and other identifying matters and discovered that there were outstanding DeKalb County arrest warrants on Scott for theft by taking, and that Broady was on probation. Scott was thereupon arrested and placed in a patrol car. When Amos took Scott out of the back of defendant's car he noticed a tote bag on the back seat next to where Scott had been sitting. Scott denied that the bag was his, as did defendant and Broady. Amos used a flashlight to examine the bag for an identification tag or mark and while doing so he saw standing on the car floor behind the driver's seat an open paper bag which contained a clear plastic bag of what appeared and proved to be marijuana. Broady and defendant were then also arrested for possession of marijuana. The tote bag was then searched revealing amounts of substances which were subsequently determined to be heroin, cocaine and marijuana, as well as drug paraphernalia. A small clutch bag next to the tote bag contained other drug paraphernalia as well as an envelope with Broady's name on it.

The initial stop of the vehicle for a traffic violation was lawful. *Rogers v. State,* 131 Ga. App. 136 (2) (205 SE2d 901).

The conflict in stories between defendant and his two companions of where they had been, that the defendant said he did not know who one of his companions was and only had a first name on the other, plus the knowledge that defendant and Broady were both recognized as former prisoners, was sufficient reason for the officers to ask for their names and identification.

" 'The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* [Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889)] recognizes that it may be the essence of good police work to adopt an intermediate response . . . A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time.' Adams v. Williams, 407 U. S. 143, 145 (92 SC 1921, 32 LE2d 612)." *Stiggers v. State,* 151 Ga. App. 546, 547 (1) (260 SE2d 413).

When Scott's identification resulted in his arrest on the outstanding warrants, the law of New York v. Belton, 453 U. S. 454 (101 SC 2860, 69 LE2d 786), applied. "[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Id. at 459. Compare, *State v. Hopkins,* 163 Ga. App. 141 (2) (293 SE2d 529); *State v. Roberson,* 165

Ga. App. 727 (1) (302 SE2d 591).

Accordingly, there is no merit in this enumeration.

2. The general grounds are asserted, defendant contending that the evidence was insufficient to show that he had any knowledge that the controlled drugs were in the car.

The evidence showed that defendant's vehicle was carrying marijuana in open view within arms' reach of any of the three occupants. Defendant knew that Scott was a drug dealer and that Broady was his assistant. He drove them to Atlanta at Scott's request. He had seen them use drugs in the past, saw cocaine and heroin in Atlanta and saw them use drugs while there. He knew that the tote bag belonged to Scott as he brought it with him on the trip to Atlanta. When stopped by the deputies he lied to officers as to where he had been and who he was with, claiming not to know who Scott was. He did not know who the tote bag belonged to. This evidence is sufficient to support a reasonable inference that defendant knew there were controlled substances in his car. Against this evidence stands defendant's testimony denying any knowledge of the drugs, that he took them to Atlanta to get Scott's car keys, and that he told the arresting officers the tote bag belonged to Scott. He also denied ever having seen cocaine before but this was impeached by evidence that he had a prior conviction for possession of cocaine. Thus defendant's testimony, if found credible by the jury, could support a hypothesis that he did not know the drugs were in his car.

Questions of credibility are for the jury. *Williams v. State,* 157 Ga. App. 326 (277 SE2d 319). So is the issue of whether evidence excludes every other reasonable hypothesis except guilt. *Rogers v. State,* 139 Ga. App. 656 (4) (229 SE2d 132). Viewing the evidence in the light most favorable to the verdict, *Williams v. State,* 157 Ga. App. 326, supra, we find it sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. The remaining enumeration has no merit.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 31, 1983 —
REHEARING DENIED JUNE 27, 1983 — ▮▮▮▮▮▮

*Elizabeth B. Gibbs, F. Bradford Wilson, Jr.,* for appellant.

*Willis B. Sparks III, District Attorney, George F. Peterman III, Assistant District Attorney,* for appellee.