## 65446. WILLIAMS et al. v. THE STATE.

CARLEY, Judge.

Appellants were convicted of burglary. They appeal from the judgment of conviction and sentence entered on the guilty verdict.

1. Appellants enumerate as error the denial of their motion to suppress. The evidence adduced at the hearing on the motion to suppress showed the following: The victim lives on a dead end road in a sparsley populated area of Lake George. He returned home one evening to find that his house had just been burglarized. He noticed tire tracks in his yard leading to the road, and then immediately saw a Buick with a missing taillight pass on the road outside his home. The Buick was coming from the direction of the dead end. The victim and a companion then left in the victim's automobile and soon again encountered the Buick as it was leaving Lake George via the only road leading to and from the area. The victim then followed the Buick which had been outside his house at or near the time the burglary had been discovered. The victim interrupted his pursuit at a roadside gas station long enough to let his companion out to inform a police officer parked there of the burglary. The companion related the entire series of events to the officer and described the articles taken in the burglary. The police officer joined the pursuit and pulled over the then speeding Buick. The appellants were asked to step behind the car. The victim arrived at the scene and described to the officer the items which had been taken from his home, including a stereo. As appellants stepped behind the automobile, the police officer noticed stereo speaker wires hanging from the trunk. Appellants at this time refused to consent to a search of the trunk and they were placed in the police officer's patrol car. By this time, other police officers began to arrive at the scene. The police officers testified that, as they were waiting for a wrecker to arrive, appellant Williams summoned an officer and asked if it would be better if he went along with the police. According to the officers, appellant then voluntarily opened the trunk. Appellants, however, assert that the police officers demanded that the trunk be opened. In the trunk were items matching the description of those taken from the victim's home, which the victim then positively identified as his.

On this evidence, no challenge is raised to the authority of the police officer to stop and briefly detain appellants in the speeding Buick. Instead, appellants assert that the police officers lacked the requisite probable cause to authorize a warrantless search of the automobile trunk.

"Generally, searches conducted without the prior approval of a

judge or magistrate must be justified under one of the 'specifically established and well-delineated exceptions' to the warrant requirement. [Cit.] Among those exceptions is what is commonly denominated as the 'automobile exception' and which had its genesis in Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543) (1925). The phrase 'automobile exception' connotes a legitimate warrantless search of this otherwise constitutionally protected area whenever (1) probable cause to believe that the automobile contains contraband or evidence of a crime conjoins with (2) exigent circumstances making the warrant procedure impractical and causing the resort to an immediate warrantless search to be reasonable and necessary. [Cits.]" *McDonald v. State,* 156 Ga. App. 143 (273 SE2d 881) (1980).

Probable cause to search an automobile exists when the facts and circumstances before the officer are such as would lead a reasonably discreet and prudent man to believe that the contents of the vehicle offend the law. *Cunningham v. State,* 133 Ga. App. 305, 308 (211 SE2d 150) (1974); *State v. Bradley,* 138 Ga. App. 800 (227 SE2d 776). "The test of probable cause is whether it would justify a man of reasonable caution in believing that an offense has been or is being committed, and this requires merely a probability — less than a certainty but more than a mere suspicion or possibility. [Cits.]" *Butler v. State,* 130 Ga. App. 469, 470 (203 SE2d 558) (1973). The evidence adduced at the hearing on the motion to suppress shows that the police officer who stopped the appellants had been told that the victim's house had just been broken into and he had also been given a description of the items taken, including a stereo. The officer had full knowledge of the circumstances surrounding and authorizing the victim's reason to believe that the occupants of the Buick were the probable perpetrators. The officer then was afforded additional corroborative information after stopping appellants when he saw stereo speaker wires dangling in plain view from the trunk of the Buick. "In view of the totality of the circumstances in this case, together with the reasonable inferences to be drawn therefrom, we conclude that there was probable cause to believe [the stolen items were] in the car." *McDonald v. State,* supra, at 145. See also *Rogers v. State,* 131 Ga. App. 136 (3) (205 SE2d 901) (1974); *Speight v. State,* 159 Ga. App. 5 (2) (282 SE2d 651) (1981). Furthermore, exigent circumstances existed in the instant case. *McDonald v. State,* supra. We find that this factual situation demonstrates sufficient exigency coupled with probable cause to justify a warrantless search. Compare *State v. Avret,* 156 Ga. App. 527 (1) (275 SE2d 113) (1980). The trial court correctly denied appellants' motion to suppress.

2. In view of our holding in Division 1, it is unnecessary to address the issue of whether the police obtained the voluntary consent of appellants. There being probable cause and exigent circumstances, a warrantless search was authorized with or without appellants' consent. See generally *State v. Bradley,* 138 Ga. App. 800 (227 SE2d 776) (1976).

3. Appellants assert that the trial court erred in admitting into evidence confessions given by both appellants. Appellants contended that the confessions are not admissible because they were obtained during an illegal arrest. Even assuming without deciding that appellants' confessions were obtained during an illegal arrest, we find that such confessions were still admissible. *Thompson v. State,* 248 Ga. 343 (285 SE2d 685) (1981). A Jackson-Denno hearing was held outside the presence of the jury. The trial court determined the confessions were made voluntarily. On appellate review, such a determination must be accepted unless it is clearly erroneous. *Smith v. State,* 159 Ga. App. 20, 21 (282 SE2d 677) (1981); *Gibbs v. State,* 235 Ga. 480, 482 (220 SE2d 254) (1975). The determination by the trial court in the instant case was not erroneous, and it was not error to admit appellants' confessions.

4. Finding no error, this court must affirm.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 20, 1983.

*Samuel J. Brantley,* for appellants.

*Dupont K. Cheney, District Attorney, Harrison W. Kohler, Assistant District Attorney,* for appellee.