67024. DAITCH v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant, Gordon Daitch, appeals his conviction on five counts alleging violations of the Georgia Controlled Substances Act. Sheriff's deputy Wayne Hattaway, of the Jefferson County Sheriff's Office, testified that early on the morning of January 31, 1982, he received a phone call from an informant who had proven reliable in the past. Previously the informant had given him information on a series of burglaries which led to the arrest and conviction of the burglar. His information had proven reliable in three cases over the past two years. One was a drug case. The informant told him that he had purchased drugs from Daitch in the past, but between midnight and 1:30 a.m. that morning he had been in Daitch's trailer and had seen marijuana, quaaludes, and "crystal mist." Hattaway called

Walter Wasden, an ex-officio justice of the peace, and they went to the sheriff's office and a search warrant was issued. The affidavit lists Daitch as living in "Jefferson Manor Trailer Park, Louisville, Ga." It contained the information that Hattaway had been informed by "a reliable person, stating that he or she had bought drugs from Gordon Daitch and drugs are in possession of Gordon Diatch [sic] in Jefferson Manor Trailer Park, Louisville, Ga." Hattaway and several other officers executed the warrant between 9:45 and 10:15 a.m. that morning. Among the items confiscated were 24 bags of marijuana, weighing 1.7 pounds; two bags of marijuana weighing 1.1 pounds; one bag of marijuana weighing 8.3 grams; two small cylinders containing burned marijuana cigarettes; two tablets of valium; five tablets marked "Lemmon 714" (common marking for quaalude) which lab tests showed positive for methaqualone and phenobarbital; four small plastic bags of amphetamine; and two sets of scales and a large number of plastic bags. The defendant's motion to suppress was denied and he brings this appeal from his conviction. *Held:*

1. The first enumeration asserts error in the ruling of the trial court refusing to suppress the results of the search. Counsel argues that the warrant was improperly issued as the affidavit was insufficient to support a finding of probable cause to search and the issuing magistrate disputed the assertion of the affiant that he had been given detailed information under oath in support of the affidavit.

The testimony of Deputy Hattaway before the court as to what he told the magistrate under oath amply supports a finding of probable cause. Hattaway's testimony supported a finding of prior reliability of his informant who had seen the suspected drugs in the defendant's trailer several hours before the execution of the warrant — and the informant had purchased drugs from the defendant in the past. This evidence, if believed by the magistrate, was sufficient to support a finding of probable cause. *Mitchell v. State,* 150 Ga. App. 44, 46 (256 SE2d 652). The reliability of the informer was shown by the past history of the accuracy of his information. *Steele v. State,* 118 Ga. App. 433 (3)(c) (164 SE2d 255). The evidence shows how the informant obtained his evidence — by personal observation. Spinelli v. United States, 393 U. S. 410, 416 (89 SC 584, 21 LE2d 637). Such information was not stale as it had been seen several hours before the warrant was issued. *Tuzman v. State,* 145 Ga. App. 761, 764 (244 SE2d 882). Hattaway stated that he advised the magistrate that defendant's trailer was located in the Jefferson Manor Trailer Park, the sixth trailer on the right as you turned into the park, and it was brown and white in color. Hattaway had seen the trailer before and was the officer who would execute the warrant. This was a sufficient

description and specificity of the premises to be searched. *Steele v. State,* 118 Ga. App. 433 (3)(b), supra.

The magistrate first denied that Deputy Hattaway had given him information that he did not include in the affidavit and then generally testified that he did not recall or remember what had happened. The trial judge pointed out in his order that the magistrate was "unable to offer any explanation as for why the matters Deputy Hattaway testified to above were not included . . . except that customarily he did not detail the description of the premises in a warrant where the warrant was to be served by the affiant. In point of fact, Mr. Wasden recalled very little about the circumstances surrounding his issuance of the warrant. Mr. Wasden is an elderly man whose memory is not all that it may have been at one time. About all that the magistrate could conclusively testify to was that he had met with Deputy Hattaway on the morning of January 31, 1982, and that he had issued the warrant."

" '[W]here there is a conflict in the evidence on the motion to suppress, the ruling of the trial court will be upheld where there is evidence to authorize a finding in support of his order.' " *State v. Medders,* 153 Ga. App. 680, 681 (266 SE2d 331); *State v. Mohs,* 156 Ga. App. 480 (274 SE2d 825); *State v. Izquierdo,* 160 Ga. App. 33 (2) (285 SE2d 769). "[T]he trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous." *Woodruff v. State,* 233 Ga. 840, 844 (213 SE2d 689); accord: Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629). There is evidence supporting the finding of the trial court and its ruling was not clearly erroneous. This enumeration is without merit.

2. Defendant argues that the court erred in considering the testimony of the affiant "where such testimony is tainted by either intentional misstatements or extreme inaccuracies . . ." There is no evidence of record of either a misstatement or any inaccuracy in the testimony of Deputy Hattaway. Counsel is drawing a conclusion from the conflict in the testimony of the affiant and the justice of the peace. The trial court resolved this conflict in favor of the deputy. When the magistrate was asked if the deputy gave him a "detailed discussion" on the informant giving him the information, he answered: "No, I don't recall." On the question of whether the deputy made any statement as to when the drugs were purchased: "A. I do not recall." When asked why Daitch's name was misspelled, answered: "I don't know about the reason for that." One misspelling of Daitch's name was corrected, but the magistrate said: "It don't seem like it was corrected." The magistrate was asked if the deputy referred to his notes on a piece of paper. He stated: "I'm not sure about it but I think

he had his information written down on a little piece of paper and he read it to me. I'm think [sic] it but I'm not sure. Q. So is your answer you don't recall? A. I don't recall, yes." The magistrate did not remember the deputy telling him "the names of the drugs . . ." However, the warrant's affidavit contained "Marijuana, Quaaludes [sic] also known as ludes, a substance known as crystal mist . . ." The question was asked of the magistrate "whether Officer Hattaway told you about any prior information that this person [the informant] had told him? A. No, I don't remember." Neither could he recall whether the officer had told him about prior arrests resulting from the informant's information, or what color Daitch's trailer was. Then he was asked if Hattaway could have told him things other than what appeared in the affidavit. "A. He could have but I don't remember." A careful reading of the entire transcript of the suppression hearing supports the conclusion of the trial court that "Mr. Wasden recalls very little about the circumstances surrounding his issuance of the warrant." Any conflict between the testimony of the magistrate and the deputy was resolved by the trial court and is supported by the record. We find no error in the ruling of the trial court on the suppression motion.

3. Information supporting a finding of probable cause may be supplied by sworn affidavit or oral testimony. *Fowler v. State,* 128 Ga. App. 501, 503 (197 SE2d 502). Hence, the fact that the affidavit did not adequately set forth evidence of reliability of the informant, whether such information was stale, how such information was obtained, or any "recent basis" for reliability of the informant, is not controlling.

4. Defendant contends the magistrate is not "an impartial magistrate within the meaning of the sixth amendment, if he is of feeble mind and memory." He has cited no authority for such illogical conclusion and we have found none. His argument is that the failure of the magistrate to cross out the inapplicable phrases on the warrant and affidavit "destroys any probable cause, since it is too vague to determine the basis of the affiant's [?] beliefs. Such vague phraseology and vague descriptions of the premises render the warrant a general warrant and violate the Fourth Amendment of the U. S. Constitution and Georgia Constitution, Art. 1, Sec. 1, Par. X (Ga. Code § 2-110)."

The authority cited in support of this claim is *State v. Cochran,* 135 Ga. App. 47, 48 (217 SE2d 181), which states: "Particularity being the sine qua non of a valid warrant, a general warrant is of course void." The particularity discussed there arose from the "Fourth Amendment to the United States Constitution [which] provides, in part, that 'No warrants shall issue, but upon probable cause . . .

particularly describing the place to be searched, and the persons or things to be seized.' " Id. The particularity requirement in the instant case was met by the sworn testimony of the affiant as to the person, the location, the items to be searched for, the reliability of the informant and the information was current — not stale. As held above, any conflict was resolved by the trial court, and the fact that the specifics were not mentioned in the affidavit is not controlling. One specific person was listed as the individual to be searched, one specific trailer was listed as the place to be searched, and three specific drugs were listed as the items to be the object of the search. This is not a general warrant. Stanford v. Texas, 379 U. S. 476 (85 SC 506, 13 LE2d 431). However, the fact that this is not a general warrant and may contain vague phraseology is not supportive of the error asserted — that the magistrate is not impartial because "he is of feeble mind and memory." This enumeration is without merit.

5. We find no error in the chain of custody of the drugs seized from the defendant's trailer and those introduced in evidence at the trial. The deputy sheriff testified that he took possession of the drugs at the trailer as they were uncovered and transported them to the evidence locker. Thereafter he took them to Mr. Shippo in the Crime Lab, who turned them over to Mrs. Renew, who conducted the tests. He received the same evidence back from Mrs. Renew and transported it to the courtroom for the trial. This evidence is sufficient to support the burden of the State to establish reasonable assurance of the identity of the items admitted. *Woodcock v. State,* 144 Ga. App. 678, 679 (242 SE2d 335); *Toole v. State,* 146 Ga. App. 305 (10) (246 SE2d 338).

*Judgment affirmed. Sognier, J., concurs. Pope, J., concurs specially.*

Decided September 28, 1983 —<br>Rehearing denied November 10, 1983.

*Robert M. Wynne, Harold A. Miller III,* for appellant.
*Richard A. Malone, District Attorney, Robert J. Cropp, Assistant District Attorney,* for appellee.

Pope, Judge, concurring specially.
I agree fully with the foregoing opinion but feel compelled to offer the following comments as to Division 1. The challenge to the search warrant in this case revolved around the sufficiency of the affidavit and the subsequent inability of the magistrate to recall what, if any, additional information was presented to him in support of the issuance of the warrant. I would again point out to all those

charged with issuing warrants that "[i]n the absence of official recordation, we encourage magistrates to make some *written* notation or memorandum as to any *oral* testimony presented to them in support of the issuance of a warrant." *Pines v. State,* 166 Ga. App. 541, 542 (305 SE2d 459) (1983).