67564. THE STATE v. ESTRADO et al.

BENHAM, Judge.

The State appeals the trial court's grant of appellees' motion to suppress. The evidence adduced at the hearing revealed that on April 22, 1983, a detective for the Gainesville Police Department received information from a confidential informant he had known for four years and whose reliability had been established by furnishing information which had resulted in several arrests and subsequent convictions. The informant told the detective that a 1970 blue Trans Am automobile would be coming from Texas to Gainesville and would arrive either on Saturday, the 23rd, or Sunday, the 24th of April. The informant further stated that the car would have Georgia license plates and a Dawson County sticker but that he did not know the license plate number. The informant did not know any of the occupants of the Trans Am, but he said that somewhere en route from Texas, the Trans Am would rendezvous with a black jeep driven by co-appellee Dennis McCrary. The two vehicles, one of which the informant claimed would be carrying 30-50 pounds of marijuana, were supposed to go to McCrary's residence off Lawson-Robinson Road or to another location off State Highway 53. Further investigation by Hall County law enforcement officers failed to reveal the exact location of McCrary's house.

On Saturday, April 23, law enforcement officers observed a black jeep and a blue Trans Am traveling together on Lawson-Robinson Road. On the strength of the informant's tip, the officers stopped the two vehicles and, after detecting a strong odor of marijuana emanating from the Trans Am, found several large plastic bags of marijuana in the car's trunk. Weighing scales and plastic bags were seized from the jeep. The occupants of the jeep and the Trans Am were then placed under arrest for violation of the Georgia Controlled Substances Act.

Appellees filed a motion to suppress the evidence found in the vehicles. In his order granting appellees' motion, the trial judge found that the law enforcement officers should have obtained a search warrant prior to stopping the vehicles in question or, in the alternative, should have obtained a warrant after the vehicles had been stopped.

1. The State contends that although the informant's information, coupled with the officer's independent corroboration, was adequate to provide probable cause to stop and search the vehicles, the information was not specific enough to authorize the issuance of a search warrant. " '[T]o be valid a search warrant must contain a description of the person and premises to be searched with such particularity as to enable a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty, without depending upon his discretion.' [Cit.]" *Durrett v. State*, 136 Ga. App. 114, 115 (220 SE2d 92). In the present case, the officers were provided with information consisting of a general description of two vehicles allegedly traveling together down one of two different roads. No tag number was given for either vehicle and the identity of only one of the occupants was known. "Under the facts presented in this case, there is no way that the officers could have convinced an issuing magistrate that the car[s] operated by [appellees] would have been at a particular place at a particular time. At best, the officers could only have affirmed that they might see [on one of two roads] a certain auto with [Dawson] County plates and that the car on that [date] had drugs in it. We are satisfied that this would not satisfy the degree of specificity required for the description of the location of the premises to be searched. [Cit.]" *Barfield v. State*, 160 Ga. App. 228 (2) (286 SE2d 516). Therefore, the officers did not err by failing to obtain a search warrant before they stopped appellees' vehicles.

2. The question that now arises is whether the police officers should have obtained a search warrant after they stopped but before they searched the vehicles. " 'Generally, searches conducted without the prior approval of a judge or magistrate must be justified under one of the "specifically established and well-delineated exceptions" to the warrant requirement. [Cit.] Among those exceptions is what is commonly denominated as the "automobile exception" and which had its genesis in Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543) (1925). The phrase "automobile exception" connotes a legitimate warrantless search of this otherwise constitutionally protected area whenever (1) probable cause to believe that the automobile contains contraband or evidence of a crime conjoins with (2) exigent circumstances making the warrant procedure impractical and causing the resort to an immediate warrantless search to be reasonable and necessary. [Cits.]' " *Williams v. State*, 167 Ga. App. 42 (306 SE2d 46).

"It has often been held that probable cause to search an automobile exists when the facts and circumstances before the officer are such as would lead a reasonably discreet and prudent man to believe that the vehicle contains contraband. [Cits.] In determining whether there was reasonable cause to believe that the vehicle contained contraband we look to the totality of the circumstances including, but

not limited to, information obtained by law enforcement agents conducting a common investigation. [Cits.]" *McDonald v. State*, 156 Ga. App. 143, 145 (273 SE2d 881). In the present case, on one of the days specified by the informant, law enforcement officers observed two vehicles exactly fitting the description given the officers traveling together on one of the roads specified by the informant. Upon stopping the vehicles the officer smelled the strong odor of marijuana coming from one of them. Even though the information received from the informant was not detailed enough to authorize the issuance of a search warrant before appellees' detainment, the additional corroborative evidence outlined above provided probable cause to believe that illegal drugs were in one of the cars. *Williams v. State*, supra. See *Pittman v. State*, 162 Ga. App. 51 (1) (289 SE2d 531).

"One of the exigent circumstances justifying a warrantless search is where there is a seizure and search of a moving vehicle. Carroll v. United States [supra]. The word 'automobile' is not a talisman however and unless the vehicle is moving or is readily movable there are no exigent circumstances and a warrant is required. [Cit.] When the vehicle is moving however, there is only a requirement that the search and seizure be based upon sufficient probable cause." *State v. Bradley*, 138 Ga. App. 800 (2) (227 SE2d 776). See also *Pittman v. State*, supra, Division 2. Since it has already been established that there was probable cause to believe that illegal drugs were in one of the cars and that the vehicles were moving, we hold that that factual situation demonstrated sufficient exigency to justify a warrantless search. The trial court's grant of appellees' motion to suppress is not supported by any evidence and therefore must be reversed. Compare *State v. Watts*, 154 Ga. App. 789 (4) (270 SE2d 52).

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 19, 1984 —
REHEARINGS DENIED MAY 15, 1984 —

*Bruce L. Udolf, District Attorney, Charles H. Frier, Assistant District Attorney*, for appellant.
*John N. Crudup, James H. Whitmer*, for appellees.