## 68966. LOVE v. THE STATE.
### (325 SE2d 449)

BANKE, Presiding Judge.

The defendant, Robert Love, appeals his conviction of possessing diazepam in violation of the Georgia Controlled Substances Act. *Held*:

1. In his initial enumeration of error, the defendant contends that the trial court erred in denying his motion to suppress the contraband, which was seized from a companion's purse during the course of a search of his (the defendant's) automobile.

Gwinnett County narcotics detective Carl Goodbar testified that he ordered the defendant's car stopped based on a tip from an informant who had previously provided information which had led to several felony arrests and the seizure of illicit drugs. Although the informant himself testified and disputed Goodbar's testimony, Goodbar maintained that the informant had allowed him to listen in on an extension phone while he (the informant) discussed obtaining marijuana and Quaaludes with a person named "Bob" at a phone number verified as being the defendant's. Goodbar further testified that the informant told him the defendant planned to go to Justin's Restaurant in Suwanee, Georgia, for the purpose of selling 500 Quaaludes at about 6:00 p.m. on the date in question, possibly in the presence of two white females and driving a black Lincoln Continental. The defendant was stopped while driving a black Lincoln Continental shortly after leaving his residence in the presence of two white females and another male at about 5:40 p.m. He told the officer who stopped him that he was on his way to Justin's.

An automobile search may be conducted without a warrant provided it is based on facts that would justify the issuance of a warrant. *United States v. Ross*, 456 U. S. 798, 809 (102 SC 2157, 72 LE2d 572)

(1982). The trial court's decision on fact questions and credibility of witnesses at a suppression hearing must be accepted unless clearly erroneous; and his ruling will be upheld wherever there is evidence to support it. *Daitch v. State*, 168 Ga. App. 830, 832 (310 SE2d 703) (1983). Accepting Detective Goodbar's testimony as true and applying the "totality of circumstances" test set forth in *Illinois v. Gates*, ___ U. S. ___ (103 SC 2317, 76 LE2d 527) (1983), the trial court was authorized to conclude that a substantial basis existed for a belief that the defendant's car contained contraband at the time it was detained. Accord *State v. Hockman*, 171 Ga. App. 504 (320 SE2d 241), (1984). It follows that the trial court did not err in denying the motion to suppress.

2. The trial court did not err in allowing the state to present for impeachment purposes evidence of a pre-trial statement made by one of its witnesses, notwithstanding the lack of a showing of surprise or entrapment. See *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982); *Ranger v. State*, 249 Ga. 315 (290 SE2d 63) (1982).

3. The trial court did not err in denying the defendant's motion for a mistrial based on an alleged improper comment made by the assistant district attorney during closing argument. Although the argument was not recorded, the colloquy surrounding the objection suggests that the comment concerned the defendant's failure to present evidence or testify. The trial court immediately and forcefully rebuked counsel and instructed the jury to disregard the comment. "The extent of a rebuke and instruction is within the discretion of the court . . ." *Benefield v. State*, 140 Ga. App. 727 (3) (232 SE2d 89) (1976). We cannot say that court abused its discretion in refusing to grant a mistrial in this case.

4. The defendant was tried with a juvenile co-defendant who had been present with him at the time of his apprehension. He enumerates as error the refusal of the trial court to grant a severance. In order to prevail on this issue, the defendant must show more than a mere possibility that a separate trial would give him a better chance of acquittal. "He must make a clear showing of prejudice and a consequent denial of due process." *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975). No such showing was made in this case; and, consequently, the trial court did not abuse its discretion in denying a severance. Accord *Plemons v. State*, 155 Ga. App. 447 (2) (270 SE2d 836) (1980).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 29, 1984 —
REHEARING DENIED DECEMBER 14, 1984 —

*L. Paul Cobb, Jr., Clifton O. Bailey III*, for appellant.
*W. Bryant Huff, District Attorney, Daniel J. Porter, Assistant District Attorney*, for appellee.