## 69242. TURNER v. THE STATE.
### (328 SE2d 368)

POPE, Judge.

After a bench trial appellant was convicted of violating the Georgia Controlled Substances Act by possessing a quantity of marijuana weighing in excess of one ounce. The following evidence was adduced at trial: At approximately 8:05 a.m. on July 29, 1983, the sheriff of Carroll County, Hugh Lee Lambert, received information by telephone from a confidential informant that appellant was expected that morning to be at a trailer located on Cole Road near Burwell Road in Carroll County. According to the tip, appellant would be driving a white or a red pickup truck. Further, his purpose in being at the trailer was to weigh, divide and bag a quantity of marijuana. Appellant would then leave the trailer with the bagged marijuana in the truck with him. Sheriff Lambert testified that he had known appellant for several years and recognized him on sight.

Accompanied by Deputy Holloway, Sheriff Lambert set up surveillance on or near Cole Road where appellant was observed at 8:35 a.m. driving a red Datsun pickup truck in the direction of the trailer referred to by the confidential informant. At approximately 9:20 a.m. the officers saw appellant driving back, and they followed him along the public road for about half a mile before stopping him. After he stopped, appellant got out of the truck and walked back toward the police car. Deputy Holloway told him that they had been informed that appellant had marijuana in the truck. Holloway saw a plastic garbage bag sticking up behind the seat of the truck's cab. When he pointed this out to Sheriff Lambert, appellant stated, "Well, that's pot." The officers removed the garbage bag containing six plastic bags, as well as three paper bags found beside it. Each bag contained marijuana and the combined weight was slightly over twelve pounds.

1. Appellant enumerates as error the denial of his motion to suppress the evidence gained from the warrantless search of the red Datsun pickup truck. In this regard appellant first asserts that a search warrant to search the trailer should have been obtained by the police. We disagree. "One of the requirements for the issuance of a valid warrant is that the affiant (in this case, the officers) could assure an issuing magistrate that the description of the thing or place to be searched was described with sufficient specificity to enable a prudent

officer executing the warrant to locate the place definitely and with reasonable certainty." *Barfield v. State*, 160 Ga. App. 228, 230 (286 SE2d 516) (1981). See *Durrett v. State*, 136 Ga. App. 114 (2) (220 SE2d 92) (1975). Even assuming that the police had sufficient time to obtain a search warrant, the information conveyed by the confidential informant regarding the trailer lacked the specificity required to authorize the issuance of such warrant. No address or ownership of the trailer was relayed by the informant's tip. Even at the time of the stake-out, police did not know the specific address of the trailer. Therefore, the officers did not err by failing to obtain a search warrant for the trailer. See *State v. Estrado*, 170 Ga. App. 889 (1) (318 SE2d 505) (1984).

Appellant next challenges the denial of his motion to suppress claiming that the State failed to show the reliability of the confidential informant thus negating the required showing of probable cause to stop the pickup truck. "While the standards for such reliability usually pertain to challenges of probable cause in the issuance of search warrants, the test is whether under the totality of the circumstances, 'including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) [(1984)], quoting *Illinois v. Gates*, ___ U. S. ___ (103 SC 2317, 2332, 76 LE2d 527) [(1983)]." *Williams v. State*, 173 Ga. App. 207, 208 (325 SE2d 783) (1984). Further, "[a]n automobile search may be conducted without a warrant provided it is based on facts that would justify the issuance of a warrant. *United States v. Ross*, 465 U. S. 798, 809 (102 SC 2157, 72 LE2d 572) (1982)." *Love v. State*, 173 Ga. App. 85 (1) (325 SE2d 449) (1984).

The confidential informant in this case had on two previous occasions provided the police with information leading to arrests or indictments. Further, the information naming appellant as a participant and giving the approximate time, place, and manner of the crime had been relayed to the informant by appellant's accomplice on the morning the weighing of the marijuana was to take place. Through independent investigation, the police corroborated the information through their stake-out of the rural roads leading to the trailer where, approximately twenty-five minutes after the tip was received, appellant was recognized and observed driving a red pickup truck. With the help of a citizen otherwise unrelated to the investigation, the police ascertained that, after his initial drive past their stake-out, appellant had parked the pickup truck and entered a trailer located on Cole Road.

"[A]pplying the 'totality of circumstances' test set forth in *Illinois v. Gates*, [supra], the trial court was authorized to conclude that

a substantial basis existed for a belief that [the truck] contained contraband at the time it was detained." *Love v. State,* supra at 86. "Furthermore, exigent circumstances existed in the instant case. [Cit.] We find that this factual situation demonstrates sufficient exigency coupled with probable cause to justify a warrantless search." *Williams v. State,* 167 Ga. App. 42, 43 (306 SE2d 46) (1983). The trial court correctly denied appellant's motion to suppress.

2. Appellant next enumerates as error the trial court's allowing into evidence police testimony that, before the truck was searched, appellant told the investigating officers that the substance in the garbage bag was "pot." First, appellant admitted during the *Jackson-Denno* hearing that the police were not questioning him at the time the statement was made. Moreover, the evidence showed that the question giving rise to appellant's response was not directed to him. Thus, his declaration was spontaneous and as such was admissible. See *Shoemaker v. State,* 165 Ga. App. 124 (2) (299 SE2d 414) (1983); *Allums v. State,* 161 Ga. App. 842 (5) (288 SE2d 783) (1982). See also *Williams v. State,* 167 Ga. App. 42, supra at (3). There is no merit in this enumeration of error.

3. Appellant contends that the trial court erred in failing to grant his motion for directed verdict of acquittal and in convicting him of the offense charged. We disagree and affirm.

OCGA § 17-9-1 (a) authorizes the trial court to grant a directed verdict of acquittal only when "there is no conflict in the evidence and the evidence . . . shall demand a verdict of acquittal or 'not guilty' . . . ." Review of the evidence adduced at trial reveals there was ample evidence to enable any rational trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt. See *Lee v. State,* 247 Ga. 411 (6) (276 SE2d 590) (1981); *Wilson v. State,* 167 Ga. App. 148 (2) (306 SE2d 16) (1983).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 5, 1985 —
REHEARING DENIED MARCH 12, 1985.

*Gordon Staples,* for appellant.
*Arthur E. Mallory III, District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.