## 76883. CLARK v. THE STATE.
(375 SE2d 783)

POPE, Judge.
Defendant Terrence Clark was convicted following a bench trial of violating the Georgia Controlled Substances Act by possessing cocaine. In his sole enumeration of error defendant contends the trial court erred by denying his motion to suppress.

The evidence adduced at the suppression hearing established the following: On December 29, 1985, Investigator Julius Stroud of the

Monroe County Sheriff's Department received a telephone call from a confidential informant who told Stroud that a Datsun automobile bearing license plate number DZU123, and occupied by two black males, was en route from a local club and would be traveling through the City of Forsyth; and that there was a shaving cream can with a false bottom in the car which contained cocaine. The confidential informant did not identify the occupants of the car by name.

The car was spotted by investigating officers approximately ten minutes later. The car was stopped and both defendant and the driver of the car, as well as the interior of the car, were searched. The officers found a shaving cream can with a threaded false bottom containing white powder, subsequently identified as cocaine, on the floorboard of the car. A small, round, green container, also containing cocaine, was taken from defendant's back pocket.

Defendant argues that both the stop of the automobile and his subsequent arrest and search were without probable cause and hence unlawful.

The test for ascertaining the reliability of a confidential informant is "whether under the totality of the circumstances, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984), quoting *Illinois v. Gates*, [462] U. S. [213] (103 SC 2317, 2332, 76 LE2d 527) (1983). *Williams v. State*, 173 Ga. App. 207, 208 (325 SE2d 783) (1984). Further, (a)n automobile search may be conducted without a warrant provided it is based on facts that would justify the issuance of a warrant. *United States v. Ross*, 465 U. S. 798, 809 (102 SC 2157, 72 LE2d 572) (1982). *Love v. State*, 173 Ga. App. 85 (1) (325 SE2d 449) (1984)." (Punctuation omitted.) *Turner v. State*, 173 Ga. App. 782, 783 (328 SE2d 368) (1985). See also *McKinney v. State*, 184 Ga. App. 607 (362 SE2d 65) (1987).

The record shows that the confidential informant in this case had provided information to the police leading to arrests and convictions on four previous occasions. The information provided was based on the confidential informant's personal observation and "was of sufficient detail to show it to be more than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." *Butler v. State*, 185 Ga. App. 478, 480 (1) (364 SE2d 612) (1988). Moreover, within minutes the police corroborated the information through their own independent investigation.

"The duty of a reviewing court is to ensure that a 'substantial basis' for probable cause existed." *Butler* at 479. Under the totality of the circumstances in this case, we find a substantial basis for probable cause to have existed. Accord *Butler*, supra; *McKinney*, supra; *Hall v.*

*State*, 176 Ga. App. 428 (2) (336 SE2d 291) (1985); *Turner*, supra.

We also reject defendant's argument concerning the illegality of the arrest and search of his person. "The probable cause which forms the basis for the arrest need not rise to the same level of proof required to prove guilt at trial. [Cits.] As the officer had probable cause to arrest [defendant], the search of his person was proper. (O)nce a defendant has been placed under custodial arrest, police may search his person, incident to that arrest, for weapons or contraband. [Cits.] Thus, because the arrest of [defendant] was lawful, the subsequent search and resultant seizure made incident to that arrest were also lawful. It follows that [defendant's] motion to suppress the contraband found on his person as a result of that search was properly denied. [Cit.]" (Punctuation omitted.) *Anderson v. State*, 177 Ga. App. 130, 131-32 (338 SE2d 716) (1985). Accord *Harley v. State*, 183 Ga. App. 253 (358 SE2d 653) (1987).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 20, 1988 —
REHEARING DENIED OCTOBER 14, 1988 — 

*Frank J. Petrella*, for appellant.
*E. Byron Smith, District Attorney, Marie R. Banks, Assistant District Attorney*, for appellee.