## 52077. THE STATE v. BRADLEY.
## 52078. THE STATE v. McSWINEY.

ARGUED APRIL 13, 1976 — DECIDED MAY 7, 1976 — REHEARING DENIED JUNE 16, 1976, IN CASE NO. 52077; REHEARING DENIED MAY 27, 1976, IN CASE NO. 52078.

*F. Larry Salmon, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney,* for appellant.

*Jones, Robbins & MacLeod, James A. Robbins, Jr.,* for appellee (case no. 52077).

*Smith, Shaw, Maddox, Davidson & Graham, Groze Murphy, Jr.,* for appellee (case no. 52078).

DEEN, Presiding Judge.

1. "The law requires that the question of probable cause for the issuance of the search warrant must be independently determined by a neutral and detached magistrate and not by the officer engaged in the often competitive enterprise of ferreting out crime." *Patterson v. State,* 126 Ga. App. 753, 755 (191 SE2d 584). When the facts relied upon to establish probable cause are tips from an unidentified informer, the affidavit offered by the authorities must meet the following tests: (1) that the affidavit gives reasons for the informer's reliability; (2) that the affidavit either specifically states how the informer obtained the information or the tip describes the criminal activity in such detail that the magistrate may know that it is more than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation; and (3) a time period closely related to the commission of the offense must be affirmatively stated within the affidavit to show that the information contained therein is not stale. *Bell v. State,* 128 Ga. App. 426, 427 (196 SE2d 894).

While the affidavit in this case may have been sufficient as to the unidentified informant's reliability (*Tomblin v. State,* 128 Ga. App. 823, 824 (1) (198 SE2d 366)), it was fatally defective in the two remaining respects. The affidavit at best gives a mere description of a suspect without descriptive details of criminal activity or without reciting how the informer got his information. *Mitchell v. State,* 136 Ga. App. 2 (220 SE2d 34). Likewise the affidavit does not demonstrate that the information, regardless of how it was obtained, was not "stale." *Cochran v. State,* 136 Ga. App. 94 (220 SE2d 83).

It is urged that the testimony of the officer who took

the tip and made the affidavit supplies the missing "facts" necessary for the magistrate's determination of probable cause. At the preliminary hearing the officer on direct examination testified that the informant had revealed that he (the informant) had actually seen the marijuana in the car, that it was being transported at the time of the telephone tip, that Bradley would be driving a white or beige Plymouth or Dodge with a specified tag number. The officer further testified that this information had been orally related to the magistrate. The transcript reveals however that on cross examination this officer contradicted himself by testifying that the affidavit fully contained all the information he had given to the magistrate. The magistrate was not called to testify as to what information, if any, other than that appearing in the affidavit he used to establish probable cause. *Fowler v. State,* 128 Ga. App. 501 (197 SE2d 502). The burden of proof is upon the state to show what facts constituting probable cause existed and were presented to the magistrate before the warrant was issued. *Veazy v. State,* 113 Ga. App. 187 (147 SE2d 515); *Marshall v. State,* 113 Ga. App. 143 (1a) (147 SE2d 666). The record here fails to show that the magistrate based his determination of probable cause on anything other than the defective affidavit. *Lowery v. State,* 135 Ga. App. 423 (1) (218 SE2d 132).

2. The state urges that even if the warrant be defective, and we have found it to be, this search can be upheld under one of the exceptions to the warrant requirement. "In enforcing the Fourth Amendment's prohibition against unreasonable searches and seizures, the Court has insisted upon probable cause as a minimum requirement for a reasonable search permitted by the Constitution. As a general rule, it has also required the judgment of a magistrate on the probable-cause issue and the issuance of a warrant before a search is made. Only in exigent circumstances will the judgment of the police as to probable cause serve as a sufficient authorization for a search." Chambers v. Maroney, 399 U. S. 42, 51 (90 SC 1975, 26 LE2d 419).

One of the exigent circumstances justifying a warrantless search is where there is a seizure and search

of a moving vehicle. Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543). The word "automobile" is not a talisman however and unless the vehicle is moving or is readily movable there are no exigent circumstances and a warrant is required. Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564). When the vehicle is moving however, there is only a requirement that the search and seizure be based upon sufficient probable cause. Unlike the situation where a warrant is sought, which requires the officer receiving the tip to disclose all the relevant facts to the issuing magistrate who must then make his own independent determination of probable cause, under the Carroll exception probable cause depends upon what information and facts the officer *himself* has at the time of the search. "[The right to search and the validity of the seizure] are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." Carroll v. U. S., 267 U. S. 132, 158, supra. Here the officer testified that he received a telephone call from a party unidentified in the record but known personally to him, whose information had in the past been reliable, leading to two arrests on drug violations; that this informant said he had actually seen marijuana in a car which was presently being driven by Bradley; and that this car was a white or beige Plymouth or Dodge with a specified tag number. While these are the facts that the record fails to establish were brought to the magistrate's attention, that the officer himself was aware of this information is not contradicted in the record. We therefore conclude that there was probable cause for the officer to believe that contraband was being transported in the described vehicle being driven by Bradley and probable cause to search and seize it without a warrant. *Register v. State,* 124 Ga. App. 136 (183 SE2d 68). In this respect, cases cited to us by the appellees are distinguished, such as *Kelly v. State,* 129 Ga. App. 131 (198 SE2d 910) (no showing how informant obtained information or no detailed tip or that information was not "stale") and United States v. Calovich, 392 FSupp. 52 (no showing of informant's re-liability).

In Chambers v. Maroney, 399 U. S. 42, supra, it was

held that when officers have probable cause to search and seize a moving vehicle, they may either seize and hold it until the probable cause issue can be presented to a magistrate or they may carry out an immediate warrantless search. The appellees argue that when this choice is made and a warrant is issued the state is precluded from justifying the search as a warrantless one under the Carroll exception; they urge that when there is time to obtain a warrant there are no exigent circumstances justifying a search without one. While there is merit to this in other situations, when dealing with the "reasonableness" of a search and seizure of vehicles the question is not whether a warrant was obtained or could have been obtained but whether a warrant was required in the first place. If the vehicle is not moving or readily movable probable cause must be determined by a magistrate and a warrant must issue; if the warrant is invalid there is no other ground for upholding the search, Coolidge v. New Hampshire, 403 U. S. 443, supra; if the vehicle is moving however, as it was here, probable cause can be determined by a police officer, the vehicle seized and searched without a warrant either immediately or later even though a search warrant might have been obtained between the seizure and the search. Chambers v. Maroney, 399 U. S. 42, supra. If the police officers have sufficient probable cause to stop and search a moving vehicle under the Carroll exception to the warrant requirement, and choose not to search it immediately but do so later under Chambers v. Maroney, the fact that a defective warrant has issued between the time of the seizure and the search will not destroy the validity of that search as a "reasonable" warrantless search. "While the defendant has attacked the validity of the search warrant in this case, we do not find it necessary to pass on this question, because we believe that the search can be justified as a warrantless search based upon probable cause under the principles of Chambers v. Maroney. . ." White v. United States, 448 F2d 250, 254.

3. The search being justified without a warrant, it was error to grant the motion to suppress. *Meneghan v. State,* 132 Ga. App. 380 (208 SE2d 150).

*Judgment reversed. Quillian and Webb, JJ., concur.*