A92A0011. THE STATE v. DOPSON.

(418 SE2d 623)

CARLEY, Presiding Judge.

Appellee's vehicle was stopped and searched without a warrant. As the result of contraband found in that warrantless search, appellee was indicted for multiple drug violations. She filed a pretrial motion to suppress, urging that the search was illegal because it had been conducted "without a search warrant and without probable cause." After holding a hearing, the trial court granted appellee's motion to suppress. Pursuant to OCGA § 5-7-1 (4), the State appeals directly from the trial court's order.

The trial court found "that probable cause existed for the stop of [appellee] and her vehicle." " 'On motion to suppress evidence, the trial judge sits as the trior of facts, hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. [Cit.]' [Cit.]" *Ivey v. State*, 140 Ga. App. 713, 714 (1) (231 SE2d 384) (1976). In the instant case, the trial court's finding that the officers were authorized to stop appellee's vehicle based upon their having probable cause to believe that drugs were being transported therein was not merely authorized. Such a finding was demanded by the uncontroverted testimony of the officers. See *Shaner v. State*, 153 Ga. App. 694 (1) (266 SE2d 338) (1980). "When coupled with corroboration by the personal observation of a police officer, a reliable informant's tip is sufficient to establish probable cause for a warrantless search. [Cit.]" *McKinney v. State*, 184 Ga. App. 607, 609 (1) (362 SE2d 65) (1987).

However, the trial court granted the motion based upon its further determination "that no consent to search was given and no search warrant was obtained for [appellee's] vehicle, and that, absent consent, a search warrant was required before the law enforcement officers could search [appellee's] vehicle." This is a clearly erroneous conclusion of law. Since the officers had probable cause to believe that drugs were being transported in appellee's vehicle, they were not limited merely to stopping it and then obtaining a search warrant. The officers were authorized to conduct an immediate non-consensual warrantless search of appellee's vehicle. "One of the exigent circumstances justifying a warrantless search is where there is a seizure and search of a moving vehicle. [Cit.] The word 'automobile' is not a talisman however and unless the vehicle is moving or is readily movable there are no exigent circumstances and a warrant is required. [Cit.] When the vehicle is moving however, there is only a requirement that the search and seizure be based upon sufficient probable cause." *State v. Bradley*, 138 Ga. App. 800, 802-803 (2) (227 SE2d 776) (1976).

"[W]hen dealing with the 'reasonableness' of a search and seizure of vehicles the question is not whether a warrant was obtained or could have been obtained but whether a warrant was required in the first place. . . . [I]f the vehicle is moving . . . , as it was here, probable cause can be determined by a police officer, [and] the vehicle seized and searched without a warrant either immediately or later even though a search warrant might have been obtained between the seizure and the search. [Cit.]" *State v. Bradley*, supra at 804 (2). " 'For constitutional purposes, [there is] no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.' [Cit.]" *McKinney v. State*, supra at 609 (2). It follows that the trial court erred in granting appellee's motion to suppress the drugs discovered in the authorized non-consensual warrantless search of her automobile.

*Judgment reversed. Pope and Johnson, JJ., concur.*

DECIDED APRIL 7, 1992 —
RECONSIDERATION DENIED APRIL 24, 1992 —

W. Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney, for appellant.
Solomon & Edgar, M. Theodore Solomon II, for appellee.