A95A0157. ARCHER v. THE STATE.
(457 SE2d 679)

McMURRAY, Presiding Judge.
Defendant was charged via indictment with possession of methamphetamine with intent to distribute, possession of marijuana (less than one ounce), and possession of a firearm during the commission of a crime. Following a bench trial, defendant was found guilty of each offense. He appeals from the judgment of conviction and

sentences entered by the trial court on these charges. *Held*:

In his sole enumeration of error, defendant contends the trial court erred in denying his motion to suppress the 3.6 grams of methamphetamine, the marijuana, and "one .38 caliber Charter Arms handgun" found in the vehicle defendant was driving. He argues that the information supplied to police officers by an anonymous tipster was "insufficient to warrant an investigatory stop."

At the hearing on defendant's motion, only the investigating officers testified, and the following facts were established without contradiction: Captain David Bennett, director of a multi-jurisdictional drug task force encompassing Forsyth, Pickens, and Jasper Counties, testified that a confidential informant "advised that [defendant] would be coming to Forsyth County. She described him as a white male with dark hair and a moustache, driving a blue and tan van [registered in Gwinnett County] with a raised top and shutters on the inside of the windows. [Defendant] would be traveling from Bethelview onto Friendship Circle onto . . . Hurt Bridge, and that he would have methamphetamine in his possession." The informant further advised that "this would take place between the hours of 9:00 and 10:00 a.m. — that morning." Captain Bennett set up surveillance along the described route. "At approximately 9:55 a.m., a vehicle [appeared as] described to [police], driven by a person that was described to [them], bearing a Gwinnett County tag that was described to [them]. . . ." At that point, Captain Bennett ordered the vehicle to be stopped. This was done by a uniformed officer, Deputy Sheriff Gene Hodge, who verified that the "subject was, in fact, [defendant, as identified by name in the tip]." Sergeant Lynn Payne identified himself as a member of the multi-county drug task force and asked defendant for his consent to search the van. Defendant said "Okay." As Investigator David Tate approached the van to begin the consensual search, defendant stated: "[T]here may be a gun in the console and some 'roaches' in the ashtray."

"One of the exigent circumstances justifying a warrantless search is where there is a seizure and search of a moving vehicle [based upon probable cause]. *Carroll v. United States*, 267 U. S. 132 (45 SC 280, 69 LE 543)." *State v. Bradley*, 138 Ga. App. 800, 802 (2) (227 SE2d 776). Although the tip in the case sub judice came from an informant of hitherto unconfirmed reliability, the details of that tip, including the predicted timing and route of a particular vehicle driven by a particular individual, were confirmed by the personal observations of the investigating officers. " 'Our decisions applying the totality of circumstances analysis . . . have consistently recognized the value of corroboration of details of an informant's tip by independent police work.' *Illinois v. Gates*, [462 U. S. 213 (103 SC 2317, 76 LE2d 527)]." *State v. Stephens*, 252 Ga. 181, 183 (311 SE2d 823). In the case sub judice,

the confirmed tip provided the police with probable cause to effectuate an investigatory stop and warrantless search of defendant's moving vehicle. *State v. Dopson*, 204 Ga. App. 51 (418 SE2d 623). Compare *Vansant v. State*, 264 Ga. 319, 320 (2), 321 (443 SE2d 474), where "the detaining officer did not have the requisite particularized basis for suspecting the driver of [a] particular white van of criminal activity." " '(W)hen dealing with the "reasonableness" of a search and seizure of vehicles the question is not whether a warrant was obtained or could have been obtained but whether a warrant was required in the first place. . . . (I)f the vehicle is moving . . ., as it was here, probable cause can be determined by a police officer, (and) the vehicle seized and searched without a warrant either immediately or later even though a search warrant might have been obtained between the seizure and the search. (Cit.)' *State v. Bradley*, supra at 804 (2)." *State v. Dopson*, 204 Ga. App. 51, 52, supra. In the case sub judice, the trial court did not err in denying defendant's motion to suppress.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED MAY 8, 1995.

*Spruell & Dubuc, Billy L. Spruell, Melinda D. Taylor,* for appellant.

*Garry T. Moss, District Attorney, C. David Gafnea, Assistant District Attorney,* for appellee.