### A97A0810. COOK v. THE STATE.
(485 SE2d 595)

Judge Harold R. Banke.

Jennifer Cook was convicted of trafficking in methamphetamine and possession of tools for the commission of a crime. On appeal, she enumerates three errors.

The evidence, viewed in the light most favorable to the verdict, revealed the following. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996). On the night of Cook's arrest, her codefendant,

Jeffrey McMillan, was a guest at the Holiday Inn in Cartersville, where he frequently stayed on weekends. After McMillan checked in, elderly guests reported a burglary and police were dispatched. When police asked the desk clerk if he had seen anyone suspicious, he mentioned McMillan, who had been seen wandering through the hotel's halls with a blue bank bag before leaving. Upon learning that McMillan had registered under several different names in the past, police got a description of his car and waited in the parking lot for him.

When McMillan returned with Cook, his passenger, the waiting officer stopped him in the parking lot and noticed that he appeared intoxicated. After McMillan failed several field sobriety tests, the officer arrested him for driving under the influence.

At this point, officers initiated a search of McMillan's car. Behind the driver's seat, officers found two police scanners and a bottle of vitamin B, a product used to cut methamphetamine. Cook sat on the front fender during the search. One of the officers noticed a blue bank bag under her jacket and asked her about it. She stated that McMillan had asked her to hide it for him. The bag contained $9,117, a syringe loaded with liquid methamphetamine, two sets of electronic scales, one of which contained drug residue, a spoon, plastic baggies, and a photograph of McMillan. Cook denied knowledge of the bag's contents. After the officer explained that she would do well to come clean, Cook gave him a quarter gram of a white powdery substance and advised that she had more but needed some privacy to retrieve it. Cook then sat in the rear of the police car and removed a bag containing a white powdery substance, some of which spilled on the car seat when the bag split open. After being told she was going to prison, she ingested enough of the substance to require three days of hospitalization. The bag contained 36 grams of methamphetamine. A search of McMillan's room revealed a .380 handgun, ammunition, a spoon with drug residue, plastic baggies, and men's clothing. *Held*:

1. The evidence was sufficient to allow the jury to find each essential element of trafficking in methamphetamine. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). A conviction on this offense requires proof of knowing possession of 28 grams or more of methamphetamine. OCGA § 16-13-31 (e). The evidence that Cook pulled the plastic bag filled with over 34 grams of methamphetamine from her pants satisfies each element. See *Capers v. State*, 220 Ga. App. 869, 875 (5) (470 SE2d 887) (1996).

This conclusion remains unchanged notwithstanding Cook's contention that all the methamphetamine belonged to McMillan. Assuming that is true, the evidence was nevertheless sufficient to support her conviction as a party to the crime. OCGA § 16-2-20 (b) (3). Her conduct in hiding the drugs from the police and then injesting them in the police car demonstrated her intent to assist McMil-

lan in his commission of the crime. See *Cody v. State*, 222 Ga. App. 468, 470 (1) (474 SE2d 669) (1996); see *Bowe v. State*, 201 Ga. App. 127, 131 (5) (410 SE2d 765) (1991) (intent determined by conduct both before and after offense).

The evidence is likewise sufficient to support her conviction as a party to the crime of possession of tools for the commission of a crime. OCGA § 16-7-20. While proof of mere presence during a crime's commission will not support a conviction as a party to a crime, presence, companionship, and conduct before and after the crime are circumstances from which the intent to participate in the crime may be inferred. *Looney v. State*, 221 Ga. App. 224, 225 (1) (471 SE2d 243) (1996).

The evidence established that McMillan possessed electric scales, spoons, and baggies, tools commonly used in drug sales. McMillan admitted that he used the scales to weigh methamphetamine. The fact that Cook hid these for him is sufficient to support her conviction, particularly in light of testimony that the bag would not zip shut.

2. The trial court did not commit reversible error by refusing to charge the jury on the lesser included offense of simple possession. *Howard v. State*, 220 Ga. App. 579, 582-583 (2) (469 SE2d 746) (1996); see *Hancock v. State*, 210 Ga. App. 528, 533 (3) (c) (437 SE2d 610) (1993). " '(A) written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense.' [Cit.]" *Edwards v. State*, 264 Ga. 131, 132 (442 SE2d 444) (1994).

In *Howard*, this Court found that simple possession of cocaine was a lesser included offense of cocaine trafficking. *Howard*, 220 Ga. App. at 582-583 (2). The rationale for the simple possession instruction was that possession of any amount of cocaine was necessarily included in the elements of trafficking, which included knowing possession of 28 grams or more of cocaine. Id.

This same rationale applies here. However, as in *Howard*, the error does not require reversal in light of the overwhelming evidence that Cook actually possessed at least 36 grams of methamphetamine during her attempt to assist McMillan in concealing the offense from authorities. See *Edwards*, 264 Ga. at 133 (if it is highly probable that the failure to give instruction did not contribute to the verdict, reversal is not required).

3. We reject Cook's contention that reversal is required because the trial court permitted McMillan to raise questions about Cook's character during her cross-examination. Cook agreed to testify for the State. In so doing, she explained that the reason she overdosed was "because I wasn't used to taking methamphetamines." On cross-examination, McMillan then inquired whether she had dated an indi-

vidual incarcerated for selling drugs. Over objection, the court permitted this line of questioning to impeach Cook's statement about her lack of experience with methamphetamine. When McMillan then asked if the incarcerated individual had introduced her to methamphetamines, Cook answered in the affirmative and admitted to occasional use of the drug.

When criminal defendants elect to place their actual character in issue through statements to the jury, such statements may be impeached with evidence disproving them. *Lucas v. State*, 215 Ga. App. 293, 295 (2) (450 SE2d 313) (1994). McMillan was entitled to impeach Cook's statement that she was not accustomed to taking methamphetamine. See id. In any event, the officers' testimony detailing Cook's arrest renders harmless the error, if any, in allowing these questions. See *Keef v. State*, 220 Ga. App. 134, 140 (3) (469 SE2d 318) (1996).

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED APRIL 7, 1997.

Before Judge Pope.

*Thomas N. Brunt*, for appellant.

*T. Joseph Campbell, District Attorney, Lance T. McCoy, Assistant District Attorney*, for appellee.