A04A0263. DALE v. THE STATE.
(600 SE2d 763)

MILLER, Judge.

Following a bench trial, Jeremy Johnson Dale was convicted of driving without a license and DUI. Dale contends on appeal that his convictions should be reversed, because the trial court erred in failing to suppress evidence gathered by the police after Dale failed to stop at an allegedly illegal police roadblock. We discern no error and affirm.

The testimony at the motion to suppress hearing was conflicting. Accordingly, we construe the evidence in favor of upholding the trial court's judgment and affirm its findings of fact if there is any evidence to support them. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994); see *Brittian v. State*, 257 Ga. App. 729-730 (572 SE2d 76) (2002).

So construed, the evidence showed that at around 1:00 a.m. on January 4, 2003, Dale approached a police roadblock located on Clark's Bridge Road in Hall County. The roadblock had been set up by a DUI task force police sergeant who had specific supervisory authority to set up such a roadblock, and the primary purpose of the roadblock was for DUI enforcement. The screening officer at the roadblock was P.O.S.T. certified, qualified to administer the Intoxilyzer 5000 test and field sobriety tests, and had prior experience with DUI arrests. There were reflective signs posted on each side of the roadblock that read "Law Enforcement Checkpoint Ahead" so that cars approaching from the northbound or southbound lane would be alerted to the roadblock, and these signs were further highlighted by blue strobe lights that were placed next to each of the signs. Five officers were posted at the roadblock, each with his own vehicle, and

all of the officers wore reflective vests. The police stopped every vehicle that approached the roadblock from either direction, and only stopped drivers for a short time to check for the drivers' licenses, proof of insurance, and evidence of any impairment or illegal activity.

Dale approached the roadblock from the southbound lane and, while the police sergeant was stopping another vehicle in the northbound lane, drove straight through the roadblock without stopping. The screening officer near the southbound lane immediately followed Dale to a traffic light, where he pulled Dale over and subsequently arrested him for DUI.[1]

Dale contends that police had no basis for pulling him over because the roadblock was illegal, and the police further had no articulable suspicion to pull him over after he failed to stop at the illegal roadblock. We disagree.

Pursuant to the Fourth Amendment to the United States Constitution, the police may reasonably stop a person at a police roadblock when,

> (1) the record reflects that the decision to implement the checkpoint in question was made by supervisory officers and not officers in the field and that the supervisors had a legitimate primary purpose. The phrase "decision to implement" includes deciding to have this roadblock, and where and when to have it. The evidence must also show that (2) all vehicles were stopped as opposed to random stops; (3) the delay to motorists was minimal; (4) the roadblock operation was well identified as a police checkpoint; and (5) the screening officer's training and experience were sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication.

(Footnote and emphasis omitted.) *Baker v. State*, 252 Ga. App. 695, 702 (1) (556 SE2d 892) (2001); see also *LaFontaine v. State*, 269 Ga. 251, 252-253 (3) (497 SE2d 367) (1998).

Here, the record reveals that the decision to set up the roadblock was made by a supervisory officer and that the roadblock served a legitimate purpose. See *Ross v. State*, 257 Ga. App. 541, 542 (1) (573 SE2d 402) (2002). All vehicles were stopped at the roadblock, and the screening officer had prior training and experience with respect to DUI arrests. The delay to motorists was minimal, and the roadblock was well identified by reflective signs with flashing strobe lights, several police cars, and officers dressed in reflective gear. Thus, the

---

[1] Defense counsel stipulated that probable cause existed for the DUI arrest.

police roadblock was proper. See, e.g., *Harwood v. State*, 262 Ga. App. 818, 819-821 (1) (a)-(c) (586 SE2d 722) (2003).

Since the police roadblock here was proper, the police had every right to stop Dale at the roadblock. Dale's action of avoiding the roadblock was sufficient to give the police "at least a reasonable suspicion of [Dale's] criminal activity and to warrant further investigation. Therefore, the original stop of [Dale's] vehicle [after he avoided the roadblock] was authorized. . . ." *State v. Webb*, 193 Ga. App. 2, 4 (1) (386 SE2d 891) (1989) (police authorized to stop defendant who made U-turn before roadblock). Indeed, "unusual actions taken to avoid a roadblock may give an officer a reasonable suspicion of criminal activity even when the evasive action is not illegal." (Footnote omitted.) *Taylor v. State*, 249 Ga. App. 733, 735 (549 SE2d 536) (2001). After approaching Dale's vehicle and investigating further, the arresting officer had probable cause to arrest Dale for DUI. See id. The trial court therefore did not err in refusing to suppress the evidence gathered from Dale after he was pulled over for failing to stop at the roadblock.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 7, 2004 —
RECONSIDERATION DENIED JUNE 17, 2004 — ■■■■■■■■

*Whitmer & Law, George H. Law III*, for appellant.

*Jerry Rylee, Solicitor-General, Larry A. Baldwin II, Assistant Solicitor-General*, for appellee.