A05A1346. PERRY v. THE STATE.
(618 SE2d 172)

MILLER, Judge.

Minutes after LaDaniel Perry's car was pulled over on I-75, a police dog detected marijuana in the car's trunk. Perry appeals from his conviction for possession of marijuana with intent to distribute on the ground that the trial court erred when it denied his motion to suppress. We find no error and affirm.

The police officer's testimony at the hearing on the motion to suppress was contradictory on the reasons why Perry was stopped.

We therefore adopt the trial court's findings and judgment on disputed facts and credibility unless they are clearly erroneous, and will not disturb them if there is any evidence to support them. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994); *Dale v. State*, 267 Ga. App. 897 (600 SE2d 763) (2004); *State v. Batty*, 259 Ga. App. 431 (577 SE2d 98) (2003).

Perry was traveling north on I-75 when a police officer parked in the median noticed that the windows of Perry's car were tinted. The officer pulled off the median and followed the car without activating his blue lights. The officer first testified that as he did so, he noted both its Alabama plate and the fact that it was following the car ahead of it by less than a car length. However, when the prosecutor later asked the officer what his "first and only reason for attempting to pull over this vehicle" was, the officer responded: "The window tint."

As he approached Perry's car after pulling it over, the officer noticed that all four of the car's windows had been rolled down, though it was a hot July day; that Perry was smoking a cigar with a strong and sweet odor; and that "[a]s he was handing [over] his license, he had the cigar in his hand and was waving the cigar around." After testing the window tint, the officer asked Perry's consent to search the car, which Perry refused. Under Georgia law at the time, and as the officer knew, out-of-state drivers could not be issued fines for darkened windows. See OCGA § 40-8-73.1.[1] The officer then issued a warning citation for both the window tint and following too closely.

Based on his observations of Perry and his passengers, the officer became suspicious that they were attempting to hide an odor. As he waited for the results of a license check, the officer ran his drug dog around the car for a free air search. After the dog alerted on the car's door handle, the officers searched the car, and found nearly a kilogram of marijuana in the car's trunk.

After a bench trial, Perry was convicted of possession of marijuana with intent to distribute, fined $1,000, and sentenced to ten years with two to serve. He now argues that because the officer did not have the power to issue Perry a ticket for darkened windows, and because this was the only reason the traffic stop was made, all evidence seized in its aftermath must be suppressed.

As we have mentioned, the police officer's testimony was contradictory on the reasons why Perry's car was stopped. Under such

---

[1] In *Ciak v. State*, 278 Ga. 27 (597 SE2d 392) (2004), the Supreme Court of Georgia declared this statute unconstitutional. However, since this decision was handed down well after Perry's arrest, and since the Supreme Court noted in the course of its opinion that an officer cannot be expected to speculate on the constitutionality of a statute as he enforces it, the eventual fate of OCGA § 40-8-73.1 has no bearing here. See id., 278 Ga. at 29-30 (2).

circumstances, we must defer to the trial court's determination as to the facts of the case, including the credibility of the police officer. *Tate*, supra, 264 Ga. at 54 (1). The trial court found that when the officer activated his blue lights after observing Perry's car following too closely, the officer "made a valid traffic stop" on Perry's car. Since there was evidence to support this conclusion, we affirm the trial court's denial of Perry's motion to suppress evidence found in the aftermath of the traffic stop. *Dale*, supra, 267 Ga. App. at 899 (affirming denial of motion to suppress when officer had reason to stop motorist for avoiding roadblock); compare *Batty*, supra, 259 Ga. App. at 432 (affirming grant of motion to suppress when trial court found that officer's testimony was not credible on subject of defendant's following too closely).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JULY 21, 2005.

*Kelley A. Dial*, for appellant.

*T. Joseph Campbell, District Attorney, Donald S. Smith, Assistant District Attorney*, for appellee.