A06A0038. QUICK v. THE STATE.
(632 SE2d 742)

RUFFIN, Chief Judge.

Jelani Quick was indicted for trafficking in cocaine, possessing cocaine with intent to distribute, possessing marijuana, possessing a firearm during the commission of a felony, and possessing a firearm as a convicted felon. Quick moved to suppress the evidence, arguing that it was obtained during an illegal traffic stop and search. The trial court found that the traffic stop was supported by probable cause and thus denied the motion to suppress. We granted Quick's application

for interlocutory appeal. As we find the trial court's analysis flawed, we reverse and remand with direction.

In reviewing a trial court's ruling on a motion to suppress, we construe the evidence in a light favorable to upholding the lower court's findings.[1] In so doing, we adopt the trial court's findings on disputed facts and credibility unless they are clearly erroneous.[2]

Viewed in this manner, the record shows that on July 31, 2002, law enforcement officers, using information received from a confidential informant, allegedly made a controlled buy of cocaine from Quick and two other men. The police set up a second buy for the next day, which was to take place at a Kroger grocery store on Metropolitan Parkway. According to the confidential informant, the contraband would be delivered at around 6:00 p.m. by men driving a black Pontiac Firebird.

On August 1, 2002, officers observed the Firebird parked at the house where the controlled buy had taken place the day before. Shortly after the informant placed a call, Quick and another man left the house in the Firebird. A mile or two before the Firebird reached the Kroger store, police pulled the car over for a possible window-tint violation. According to Officer Williams, who stopped the Firebird, he asked for permission to search the car. Williams had a drug dog with him, and he walked the dog around the vehicle. One of the car doors was cracked open, and the dog "went inside the open door and alerted to the gear shifter or console area." Williams then opened the console and discovered a handgun. Williams also testified that "narcotics [were] found up under the console."

Quick filed a motion to suppress the evidence found during the search, arguing that the stop was pretextual, that he never consented to the search, and that the officers lacked probable cause to search the vehicle. Following a hearing, the trial court issued a lengthy order in which it noted numerous discrepancies in Williams' testimony regarding the defendant's consent to search the vehicle. Nonetheless, the trial court denied the motion to suppress. Initially, the trial court noted that the mere fact that the stop was pretextual does not render the subsequent search invalid. The trial court found that, based on the totality of the circumstances, probable cause existed for the search. Specifically, the court found

in relation to the subsequent stop and search of the vehicle, the Court looks to the fact that the confidential informant … told police the defendants would be heading toward the

---

[1] See *Debord v. State*, 276 Ga. App. 110 (622 SE2d 460) (2005).
[2] See id.

Kroger on Metropolitan Parkway for a drug deal set up for 6:30 p.m. Police did eventually stop the vehicle one or two miles away from the Kroger at approximately 6:40 p.m. Likewise, the confidential informant advised the police that [Quick] and [his co-defendant] would have drugs in the car and that they carried guns. The police, in fact, found a gun in the console of the car upon searching the vehicle. The officers also found drugs in the console of the car. As such, based on the totality of the circumstances, the Court finds that the confidential informant was reliable and that probable cause existed for the search of the vehicle and subsequent seizure of the contraband found therein.

We agree with the trial court that the mere fact that the stop was pretextual provides no basis for suppression. "If [an] officer witnesses even a minor traffic violation, a suppression motion arguing that the stop was pretextual must fail."[3] Here, the officer stopped the car because he suspected the windows were tinted too darkly. Although the statute regulating the tinting of windows was subsequently declared unconstitutional,[4] it was a valid basis for the police to stop a motorist in 2002, when Quick was stopped.[5]

However, we are unable to agree with the trial court's probable cause analysis. A tip from an informant may give rise to probable cause to search a vehicle.[6] And the trial court properly applied a "totality of circumstances analysis."[7] But a search cannot be validated simply because contraband is discovered during the search.[8] In the trial court's order, the trial court found probable cause based, in part, on the discovery of contraband in the vehicle. It is unclear whether the trial court would have reached the same result absent this factor. Thus, we must reverse the trial court's order in this regard.

The State argues that the order should nonetheless be affirmed because consent was given for the search. Yet the trial court never ruled on whether consent had been validly obtained and actually questioned the officer's credibility in this regard. Under these circumstances, we are unable to affirm on this basis. Rather, we must

---

[3] (Punctuation omitted.) *State v. Murphy*, 246 Ga. App. 246, 247 (540 SE2d 231) (2000).

[4] See *Ciak v. State*, 278 Ga. 27, 28-29 (1) (597 SE2d 392) (2004).

[5] See id. at 29-30 (2); *Perry v. State*, 274 Ga. App. 551, 552, n. 1 (618 SE2d 172) (2005) ("an officer cannot be expected to speculate on the constitutionality of a statute as he enforces it").

[6] See *Archer v. State*, 217 Ga. App. 395, 397 (457 SE2d 679) (1995).

[7] See id. at 396.

[8] See *Anderson v. State*, 155 Ga. App. 25, 26 (270 SE2d 263) (1980) (a void search pursuant to a warrant is not justified by discovery of contraband).

remand this case for the trial court to determine whether Quick consented to the search.[9] The trial court may also revisit the issue of whether probable cause existed, so long as evidence of the contraband found in the vehicle is not used to justify the search.

*Judgment reversed and case remanded with direction. Smith, P. J., and Phipps, J., concur.*

### DECIDED JUNE 16, 2006.

*Daniel E. Gavrin*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Stephany J. Lewis, Assistant District Attorneys*, for appellee.

---

[9] See *Simmons v. State*, 223 Ga. App. 781, 782 (2) (479 SE2d 123) (1996).

