A09A1465. GONZALEZ v. THE STATE.
(683 SE2d 878)

JOHNSON, Presiding Judge.

A jury found Rigoberto Rodriguez Gonzalez guilty of trafficking in methamphetamine. He appeals from his conviction, contending the trial court erred in denying his motion to suppress items seized and statements made during a traffic stop of his vehicle, denying his motion to strike for cause a prospective juror who he claims lacked

---

[15] (Citations and punctuation omitted.) *Simmons*, supra at 365 (2).
[16] (Citation and punctuation omitted.) *Melton*, supra at 824 (2) (c).

proficiency in the English language, and failing to charge the jury on the lesser included offense of possession of methamphetamine. None of the arguments presents grounds for reversal, so we affirm the conviction.

1. Gonzalez contends the motion to suppress items seized during a search of his vehicle should have been granted because the stop of his car, purportedly for failing to properly signal a lane change, was pretextual. We disagree.

In reviewing a trial court's decision on a motion to suppress, our responsibility is to ensure that there was a substantial basis for the decision, and we must construe the evidence most favorably to the findings and judgment.[1] We adopt the trial court's findings on disputed facts and credibility of the witnesses unless they are clearly erroneous.[2] The trial court is the trier of fact, and its findings are analogous to those of a jury, and we will not disturb these findings if any evidence supports them.[3]

So viewed, the evidence shows that officers with the Gwinnett County Police Department received information that a burgundy Chevy Tahoe at a particular shopping center was the target of a drug investigation. Officers looked for and saw a vehicle matching that description at the specified location. They followed the car intending to initiate a traffic stop once the driver committed a traffic violation so they could, at a minimum, identify the driver.

Officers observed the car change lanes on the highway without signaling properly. They were undercover officers, so they called uniformed officers to initiate the traffic stop.

One of the officers approached the driver's side of the Tahoe while two other officers approached the passenger's side. The driver, Gonzalez, was the car's only occupant. An officer asked Gonzalez if he had a driver's license. Gonzalez replied that he did not. The officer asked Gonzalez if he had any weapons in the vehicle. Gonzalez responded that he had no weapons. At the officer's request, Gonzalez stepped outside of the vehicle. After frisking Gonzalez, the officer remarked that he had reason to believe there were narcotics in the vehicle. Gonzalez replied, "Yes." The officer asked Gonzalez where the narcotics were and whether he had permission to retrieve them. Gonzalez replied that the drugs were under the cup holder in the center console and agreed to a search of the vehicle. Upon removing the cup holder, the officer found a plastic bag containing a white substance that tested positive for methamphetamine. The methamphetamine weighed 432.31 grams.

---

[1] *State v. Johnson*, 282 Ga. App. 102 (637 SE2d 825) (2006).

[2] Id.

[3] Id.

According to Gonzalez, the traffic stop was unlawful because officers followed him with the admitted intent of stopping him for a traffic violation so that they could conduct a drug investigation, and the law does not permit such a pretextual stop. We hold that the trial court did not err in finding the stop lawful under the circumstances presented in this case.

> In *Whren v. United States*, 517 U. S. 806 (116 SC 1769, 135 LE2d 89) (1996), the United States Supreme Court held that when an officer sees a traffic offense occur, a resulting traffic stop does not violate the Fourth Amendment *even if the officer has ulterior motives in initiating the stop*, and even if a reasonable officer would not have made the stop under the same circumstances.[4]

"In other words, if the arresting officer witnessed the driver breaking even a relatively minor traffic law, a motion to suppress under the Fourth Amendment arguing that the stop was pretextual must fail."[5] As the Supreme Court of Georgia has stated, the fact that police have an articulated predetermined plan to stop a vehicle is not dispositive of the legality of the initial stop and detention under a *Terry*-type rationale because such an analysis is based on objective criteria, not on the subjective or ulterior motive of police.[6]

In this case, the trial court found that the officer witnessed Gonzalez commit a traffic violation. Thus, the officers' action in pulling over the vehicle after Gonzalez committed the traffic violation was valid, even though they had ulterior motives in initiating the stop.[7] Based on the United States Supreme Court's holding in *Whren*, Gonzalez's argument that the traffic stop was unlawfully pretextual must fail. Accordingly, the trial court did not err in denying the motion to suppress items seized as a result of the traffic stop.[8]

2. Gonzalez contends the trial court erred by denying his motion to suppress incriminating statements he made during the traffic stop. Gonzalez argues that officers violated his rights under *Miranda v. Arizona*, 384 U. S. 436, 444 (86 SC 1602, 16 LE2d 694) (1966), by not advising him that he had the right to refuse to answer their

---

[4] (Citation and punctuation omitted; emphasis supplied.) *Bain v. State*, 258 Ga. App. 440, 442 (1) (a) (574 SE2d 590) (2002); see *Wright v. State*, 272 Ga. App. 423, 426-427 (2) (612 SE2d 576) (2005).

[5] (Punctuation omitted.) *Wright*, supra.

[6] *Garmon v. State*, 271 Ga. 673, 678 (3) (524 SE2d 211) (1999).

[7] See OCGA § 40-6-123 (governing use of turn signals). See generally *Wright*, supra.

[8] See *Taylor v. State*, 230 Ga. App. 749, 750-751 (1) (b) (498 SE2d 113) (1998).

questions, the right to counsel, or the right to cease talking at any time. This argument presents no basis for reversal.

At the hearing on the motion to suppress, defense counsel made two arguments: (a) that the traffic stop was unlawful because it was pretextual; and (b) even if the stop was lawful, Gonzalez did not consent to a search of the vehicle. And at trial, Gonzalez voiced an objection to admitting the statements made during the stop, asserting that "it's our contention that the stop was illegal. Once the stop was made, we would contend everything else is the fruit of the poisonous tree. There [are] no additional motions that we have after that. It's solely based on the stop." Defense counsel agreed that his objection was the same as the one that was already ruled on by the court, and referred the trial court to his earlier arguments made in the suppression hearing and a post-hearing letter brief — none of which raised the *Miranda* issue enumerated here. Because the specific argument raised here was not argued to or ruled upon by the trial court, it has not been preserved for review.[9]

3. Gonzalez contends the trial court erred by denying his motion to strike for cause a prospective juror who lacked English language proficiency.[10] This argument is without merit.

During the course of voir dire, the prospective juror was questioned extensively about his ability to understand English. The juror indicated that in his household he primarily speaks Spanish, but that he has been speaking English for more than ten years, that he and his child converse in English, that he handles his financial matters in both languages, and that he speaks Spanish with Spanish-speaking people and English with English-speaking people. When asked by defense counsel to assign a number between 1 and 10 to indicate how well he understood what was said in court that morning, the juror replied, "6."

In refusing to strike the juror for cause, the trial judge remarked that he believed the juror was qualified and had a "pretty good vocabulary," and that the juror understood "just about everything [defense counsel] said, including some words that were not particularly simple, straightforward kind of words." The decision to strike a potential juror for cause lies within the sound discretion of the trial court and will not be set aside absent some manifest abuse of that discretion.[11] Based on our review of the transcript, we find no abuse of discretion.[12]

---

[9] See *Williams v. State*, 270 Ga. App. 480, 481-482 (606 SE2d 671) (2004); *Brantley v. State*, 226 Ga. App. 872, 873 (1) (487 SE2d 412) (1997).

[10] See OCGA § 15-12-163 (b) (6) (juror may be challenged for cause if unable to communicate in the English language).

[11] See *Stokes v. State*, 281 Ga. 825, 827 (2) (642 SE2d 82) (2007).

[12] See *Abdullah v. State*, 284 Ga. 399, 400 (2) (667 SE2d 584) (2008); *Ford v. State*, 289 Ga.

4. The trial court did not commit reversible error by refusing to charge the jury on the lesser included offense of simple possession of methamphetamine.

A written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense.[13] Because possession of any amount of methamphetamine is necessarily included in the elements of trafficking, which elements include knowingly possessing 28 grams or more of methamphetamine, simple possession of methamphetamine is a lesser included offense of trafficking in methamphetamine.[14] Therefore, a written request to charge simple possession of methamphetamine must be given.[15] However, reversal is not required in this case.

First, there was no written request to give a charge on simple possession. Gonzalez's only request for the simple possession charge was made during jury deliberations, and it was done orally.[16] Absent a written request for a charge on the lesser included offense made at or before the close of evidence, the failure to so charge is not error.[17]

Second, even if the trial court erred in not giving the charge, reversal is not required in light of the overwhelming evidence that Gonzalez possessed 432.31 grams of methamphetamine, which clearly constitutes trafficking.[18] Accordingly, it is highly unlikely that the failure to give an instruction on simple possession contributed to the verdict.[19]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED AUGUST 20, 2009.

*Edwin J. Wilson*, for appellant.

---

App. 865 (1) (658 SE2d 428) (2008).

[13] *Cook v. State*, 226 Ga. App. 113, 115 (2) (485 SE2d 595) (1997).

[14] Id.

[15] Id.

[16] We note that during the charge conference, Gonzalez objected vehemently to the trial court's plan to provide a jury charge on simple possession. Gonzalez argued that the court should only give the trafficking charge, and that the jury should have to choose between finding him guilty of the greater offense or not guilty of any crime. After the jury began deliberating and asked a question about intent, Gonzalez changed his position and requested the lesser charge.

[17] See *Van Doran v. State*, 244 Ga. App. 496 (536 SE2d 163) (2000).

[18] OCGA § 16-13-31 (e) provides, in relevant part, that any person who knowingly possesses 28 grams or more of methamphetamine commits the felony of trafficking in methamphetamine. OCGA § 16-13-30 prohibits the possession of methamphetamine. OCGA § 16-13-31 (e) (3) prescribes the punishment for possessing 400 grams or more of methamphetamine.

[19] See *Cook*, supra; *Adorno v. State*, 236 Ga. App. 588, 592 (4) (512 SE2d 703) (1999).

*Daniel J. Porter, District Attorney, Jimmie E. Baggett, Jr., Assistant District Attorney*, for appellee.