## A11A1218. O'NEAL v. THE STATE.
(714 SE2d 744)

MCFADDEN, Judge.

After a bench trial, Jason O'Neal was convicted of possession of oxycodone, possession of marijuana and two child restraint violations. He appeals, challenging the trial court's denial of his motion to suppress evidence. Because the evidence authorized the trial court's finding that the search of O'Neal's motor vehicle was lawful, we affirm.

In ruling on a motion to suppress, the trial judge sits as the trier of fact, having the sole province of determining the credibility of witnesses and resolving conflicts or inconsistencies in the evidence. *Pattman v. State*, 208 Ga. App. 770, 772 (431 SE2d 706) (1993). On appeal, we construe the evidence in a light favorable to upholding the

trial court's findings and we must adopt such findings on disputed facts and credibility unless they are clearly erroneous. *Quick v. State*, 279 Ga. App. 835, 836 (632 SE2d 742) (2006).

So construed, the evidence shows that on April 29, 2010, Deputy Skinner of the Richmond County Sheriff's Office was on patrol when he saw O'Neal driving his pickup truck with an unrestrained child in the back seat. Deputy Skinner stopped O'Neal for the child restraint violation and discovered that there were actually two unrestrained minors in the truck. Suspecting that O'Neal was under the influence of drugs or alcohol because he seemed disoriented and acted as though he did not know where he was, Deputy Skinner asked O'Neal to step out of the vehicle in order to administer field sobriety tests. As O'Neal got out of his truck, the deputy asked him for permission to search the truck, but O'Neal refused.

In the meantime, another officer, Deputy Jones, had arrived at the scene. As Deputy Skinner began to run a check on O'Neal's driver's license, Deputy Jones approached O'Neal and asked to conduct a pat-down. O'Neal then aggressively grabbed Deputy Jones' arm, at which point the deputies took O'Neal into custody. Thereafter, without any questioning by the officers, O'Neal stated that he was in possession of marijuana and had two marijuana pipes in his truck. The deputies searched the truck and found marijuana and oxycodone in the vehicle.

1. The initial traffic stop was authorized by the deputy's observation of a child restraint violation. See *Clark v. State*, 305 Ga. App. 699, 700 (1) (700 SE2d 682) (2010). O'Neal argues that the subsequent pat-down of him was not authorized because the deputies did not have a reasonable suspicion that he was armed, and thus the search of his truck was tainted by the illegal pat-down. However, O'Neal's argument is fundamentally flawed, because regardless of whether a pat-down was authorized, no pat-down actually occurred. As recounted above, the uncontradicted testimony at the suppression hearing plainly established that before any pat-down took place, O'Neal aggressively grabbed the deputy's arm, at which point he was arrested. Thus, contrary to O'Neal's claim, "[w]e need not determine whether [reasonable suspicion] existed at this point, because no [pat-down] had yet occurred[.]" *State v. Lentsch*, 252 Ga. App. 655, 658 (2) (556 SE2d 248) (2001), overruled on other grounds, *Handschuh v. State*, 270 Ga. App. 676 (607 SE2d 899) (2004). Moreover, even if an unlawful pat-down had occurred "such that, under Georgia law, [O'Neal] was entitled to resist, an arrestee is never justified in assaulting an arresting officer unless the officer has assaulted him first. In this case, no evidence showed that the arresting officer assaulted [O'Neal] first." (Citations and punctuation omitted.) *Meadows v. State*, 303 Ga. App. 40, 43 (1) (692 SE2d

708) (2010). Accordingly, O'Neal has failed to show that the trial court erred in denying the motion to suppress on this basis.

2. O'Neal contends that the trial court erred in finding that his custodial statements were not made in response to questions by the deputies. Again, O'Neal's contention is belied by the record. Deputy Skinner gave uncontradicted testimony at the suppression hearing that O'Neal's statements regarding the marijuana and pipes were not in response to any questioning by the deputies. Because there is evidence to support the trial court's finding, it will not be disturbed on appeal. See *Gonzalez v. State*, 299 Ga. App. 777, 778 (1) (683 SE2d 878) (2009) (this court will not disturb trial court findings if any evidence supports them).

3. O'Neal claims that the trial court erred in finding that the warrantless search of his truck was lawful absent any showing of exigent circumstances. The claim is without merit.

> Under the automobile exception to the warrant requirement imposed by the Fourth Amendment, a police officer may search a car without a warrant if he has probable cause to believe the car contains contraband, even if there is no exigency preventing the officer from getting a search warrant. Because there is no exigency requirement in this context, the warrantless search of an automobile will be upheld so long as there was probable cause to suspect it contained contraband, even if the driver was arrested and handcuffed and the keys were taken from him before the car was searched.

(Citations and punctuation omitted.) *Sarden v. State*, 305 Ga. App. 587, 589 (699 SE2d 880) (2010). In this case, O'Neal's statements that he possessed marijuana and had marijuana pipes in the truck gave the officers probable cause to suspect that the vehicle contained contraband, and therefore the search of the vehicle was lawful.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JULY 21, 2011.

*David R. Brunk*, for appellant.

*Ashley Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.