KONENKAMP, Justice
(concurring in result).
[¶ 32.] Is a telephone call from a citizen reporting that someone was in an area that smelled of marijuana sufficient in itself to authorize the police to stop and search that person’s car? In this case, the caller, a motel manager, reported that “the hallway [the suspects were in] smells of marijuana, as well as the two rooms that they were staying in.” Other than confirming that the caller accurately identified the suspects and their car, the police were unable to establish that the caller had any expertise or experience in identifying the odor of marijuana, and, after stopping the car, the police could not corroborate that these suspects possessed or even smelled of marijuana. Nonetheless, the police went ahead and searched the car. To explain why this search is unconstitutional, three points need to be made.
1. Reasonable Suspicion and Probable Cause.
[¶ 33.] Merely because an expectation of privacy may be lower in an automobile does not mean that automobiles can be searched with something less than probable cause. Although exigent circumstances can justify searching a car without a warrant, there is no different or lesser standard for automobiles: probable cause remains the same whether it is used to justify a search with or without a warrant. Indeed, when an officer conducts an automobile search without a warrant, that officer “acts unlawfully and at his peril unless he can show the court probable cause.” Carroll v. United States, 267 U.S. 132, 156, 45 S.Ct. 280, 286, 69 L.Ed. 543 (1925). After Officer Hamann received the dispatcher’s message about the call, he was able to verify the physical description of the vehicle, the license plate number, the *417 direction of travel, and the number and sex of the occupants. With this information, Officer Hamann had reasonable suspicion to conduct an investigatory stop of Sweed-land’s car.[9] State v. Scholl, 2004 SD 85, ¶ 12, 684 N.W.2d 83, 88. Nonetheless, although informant tips may carry sufficient weight to constitute reasonable suspicion for an investigatory stop, reasonable suspicion is not the same as probable cause necessary to conduct a search. Alabama v. White, 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); State v. Herrmann, 2002 SD 119, ¶ 10, 652 N.W.2d 725, 728. To justify a warrantless search of an automobile, there must be “probable cause to believe that the car contains articles that the officers are entitled to seize.” Chambers v. Maroney, 399 U.S. 42, 48, 90 S.Ct. 1975, 1979, 26 L.Ed.2d 419 (1970).
2. Citizen’s Tip plus Police Corroboration.
[¶ 34.] When a citizen informant reports to police that a crime has been committed, that “informant’s ‘veracity,’ ‘reliability’ and ‘basis of knowledge’ are all highly relevant in determining the value of his report.” Illinois v. Gates, 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983). These elements should not “be understood as entirely separate and independent requirements to be rigidly exacted in every case.” Id. Instead, a probable cause determination always depends on an examination of the totality of the relevant circumstances. Id. at 235, 462 U.S. 213, 103 S.Ct. at 2330, 76 L.Ed.2d 527; see also State v. Christensen, 2003 SD 64, ¶ 23, 663 N.W.2d 691, 697 (quoting State v. Zachodni, 466 N.W.2d 624, 629 (S.D.1991)).
[¶ 35.] Officer Hamann received a radio message that the manager of the Budget Host advised that the “four [suspects] just left the motel, headed into town, driving a Montana Lic/29A8307, Maroon 2000 Olds 4DR.” After stopping the vehicle and confirming the caller’s information about the identity of the car and its occupants, Officer Hamann found no additional facts to suggest that the occupants were involved in criminal activity.
[¶ 36.] In our prior cases dealing with citizen tips on criminal conduct, we have upheld automobile stops and searches when officers were able to corroborate to some degree that the persons stopped were indeed involved in some type of criminal behavior. Scholl, 2004 SD 85, ¶ 6, 684 N.W.2d at 86; State v. Olhauseh, 1998 SD 120, ¶ 7, 587 N.W.2d 715, 717-18 (citations omitted). That is what makes this case different. Here, the police gained nothing from the investigatory stop to elevate reasonable suspicion to the level of probable cause. Mere suspicion is never sufficient to support a finding of probable cause. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Other courts have likewise noted the importance of independent corroboration. See State v. K.V., 821 So.2d 1127, 1128 (FlaApp.2002) (information from security guard provided suspicion; probable cause was established after officer corroborated that information “when he observed a ‘small cloud’ of smoke floating from the vehicle and smelled the odor of burning marijuana”); State v. Estrado, 170 Ga.App. 889, 318 S.E.2d 505, 507 (1984) (information officer received was insufficient to detain defendants, but officer smelling marijuana provided the corroboration necessary for probable cause); State v. Birkenmeier, 185 N.J. 552, 888 A.2d 1283, 1290 (2006) (the officer’s observations and smell of marijuana dur *418 ing the investigatory stop based on informant’s tip “further corroborated” the tip and “triggered application of the automobile exception to the warrant requirement”). But see State v. Carlson, 762 N.E.2d 121 (Ind.App.2002) (anonymous tip resulted in stop of vehicle, officer smelled alcohol and marijuana emitting from vehicle, smell not sufficient to establish probable cause).
[¶ 37.] In some instances, crime reporting by citizen informants having firsthand knowledge may be sufficient for probable cause without police corroboration. State v. Griggs, 306 Mont. 366, 34 P.3d 101, 104 (2001) (when information is provided by citizen informant, “whose identity is known, who personally observes the alleged criminal activity ... may not need further law enforcement corroboration”); State v. Lammers, 267 Neb. 679, 676 N.W.2d 716, 725 (2004) (“detailed eyewitness report of a crime may be self-corroborating”). However, a citizen informant’s veracity and basis of knowledge remain important considerations for finding probable cause, when an independent investigation by law enforcement officers fails to substantiate allegations of criminal activity. See Gates, 462 U.S. at 238-39, 103 S.Ct. at 2328, 76 L.Ed.2d 527 (there needs to be a “substantial basis ... for concluding that probable cause existed”) (quoting-Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)). In this case, we have no police corroboration of the purported criminal activity. Thus, we must examine whether there was an adequate basis of knowledge to support the citizen’s tip.
3. Basis of Knowledge for Citizen’s Report.
[¶ 38.] Without corroboration, all the police had to go on was what the caller had relayed. Nonetheless, we will give greater weight to a citizen’s “explicit and detailed description of alleged wrongdoing,” and “a statement that the event was observed firsthand.... ” Gates, 462 U.S. at 234, 103 S.Ct. at 2330, 76 L.Ed.2d 527. But here there was no explicit and detañed description of wrongdoing. In fact, the caller did not claim to have seen any marijuana or anyone using marijuana. He claimed only to have smelled marijuana.
[¶ 39.] In cases where informants have reported on the smell of marijuana, the courts have found relevant a showing of training or experience with the substance before such reports can be considered reliable for probable cause purposes.[10] Not every citizen calling to report the smell of marijuana can be considered presumptively reliable.[11] A good ülustration of this *419 principle can be seen in State v. Swift, 251 Neb. 204, 556 N.W.2d 243 (1996). There, a social worker visiting the apartment of a client noticed the smell of burnt marijuana and saw what she believed to be marijuana seeds. The affidavit for a search warrant recited the basis for the social worker’s knowledge: “because of the nature of her job, she was familiar with the smell and appearance of marijuana.” Thus, because the social worker had observed a crime and had sufficient knowledge of the smell and appearance of marijuana, the Supreme Court of Nebraska ruled that she was “presumptively reliable.” Id. at 248. Other courts have held similarly.[12]
[¶40.] In this case, the caller’s report of a crime was an opinion. The caller did not claim to have personally observed marijuana or to have seen anyone using marijuana. Nor did he describe what he smelled. Was it smoke? Was it dried marijuana? Was it raw plant material? From whatever he smelled, however, the caller deduced that it was marijuana. While citizen informants are presumed to be truthful, they are not presumed to be experts necessarily qualified to render opinions the same as trained law enforcement officers. Nothing in the caller’s information established his competence in knowing the smell of marijuana. This point was noted in United States v. DeLeon: “[w]e hold that a warrant cannot be based on the claim of an untrained or inexperienced person to have smelled growing plants which have no commonly recognized odor.” 979 F.2d 761 (9th Cir.1992) (affiant not qualified to recognize the odor of growing marijuana) (citation omitted). On the other hand, the case of State v. Kuhlman, 128 Wash.App. 1012, - P.2d -, 2005 WL 1502284 (2005), illustrates the principle in the inverse: “a layperson [citizen informant] who has personal experience with the odor of burning or growing marijuana may likewise identify burning or growing marijuana by smell.”
[¶ 41.] In circuit court, Officer Hamann was asked, “Do you know what training and experience [the manager] would have in detecting marijuana?” The officer answered, “No, I do not.” Thus, in addition to not receiving information on the caller’s basis of knowledge, Officer Hamann had no other information about the caller’s expertise. While a police officer’s smell of marijuana has regularly satisfied the probable cause requirement, Officer Hamann did not personally smell anything that would warrant searching the vehicle. See State v. Peterson, 407 N.W.2d 221, 223 (S.D.1987) (“detection of odors alone, which trained police officers can identify as being illicit, constitutes probable cause to conduct a warrantless search of an auto *420 mobile”) (citations omitted); State v. Hanson, 1999 SD 9, ¶ 14, 588 N.W.2d 885, 890 (“[o]nce [the officer] detected the odor of burnt marijuana and the drug dog ‘hit’ on the car, there was probable cause for a warrantless search of the car”) (citations omitted).
[¶ 42.] Had the police gained information to corroborate the existence of criminal activity, the deficiency in the caller’s basis of knowledge may have been overcome under the totality of relevant circumstances. See Gates, 462 U.S. at 233, 103 S.Ct. at 2329, 76 L.Ed.2d 527 (“a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability”) (citations omitted). Or, the difficulty may have perhaps been surmounted if the officer had radioed the dispatcher to call the manager back and get more details about what he smelled and how he knew it was marijuana. But, in the absence of any further information, the police only had a reasonable suspicion, but no probable cause.
[¶ 43.] Lastly, the State argues that the police had probable cause based on the pipes turned over to them during the pat down search. It is important to look at the sequence of events. Sweedland was stopped and taken back to the patrol car. He was questioned. He refused to consent to a search of the car. A background check was run. He was detained in the patrol car. Then the police spoke to each of the passengers, asked them to exit the vehicle, obtained their licenses or identification documents, and ran a background check on them. One passenger’s driver’s license was suspended. After this, the officers searched the passengers. However, by the time the officers had everyone get out of the car for the pat down search, there were no further grounds to detain them because the caller’s allegations were not substantiated.[13] State v. Ballard, 2000 SD 134, ¶ 13, 617 N.W.2d 837, 841. The circuit court specifically found that the State failed in its burden to prove that the passengers voluntarily consented to be pat searched. That issue has not been appealed. Individuals “may not be detained even momentarily without reasonable, objective grounds for doing so[.]” Florida v. Royer, 460 U.S. 491, 498, 103 S.Ct. 1319, 1325, 75 L.Ed.2d 229 (1983). Whatever objective grounds existed to stop Sweedland’s car, those grounds were exhausted after the police could not substantiate the caller’s allegations.
4. Conclusion.
[¶ 44.] Public-spirited citizens interested in seeing the law upheld should be encouraged to report suspicious circumstances to the police. Conscientious law enforcement officers will thereafter investigate such reports. But before officers can conduct a full-blown search of someone’s private property, they must have more than a citizen caller’s uninformed “opinion” that a crime has been committed. The police here could not rely solely on the caller’s information to conduct a search of the car because there was no basis to believe the caller had any experience or training in detecting the odor of marijuana.
[¶ 45.] When law enforcement searches are founded on information falling short of probable cause, it is our duty to uphold the Fourth Amendment along with its corresponding provision in our South Dakota Constitution. U.S. Const, amend. IV; S.D. Const, art. VI, § 11. Because the search here was conducted without probable cause, it is unconstitutional and cannot stand.
*421 [¶46.] For these reasons, I concur in the result.
[¶ 47.] ZINTER, Justice, joins this special writing.

. Whether this call gave sufficient information to justify reasonable suspicion for an investigatory stop is apparently conceded.

. Professor LaFave explains the importance of the basis of knowledge element in assessing probable cause:
[TJhe case which clearly calls for some explanation regarding the basis of knowledge of the victim or witness is that in which it appears the purported knowledge could have been obtained only by the utilization of some expertise beyond that of the typical layman. Though such an explanation is sometimes needed in other contexts, the usual situation is that in which the person providing the information asserts that he has detected illegal drugs or narcotics of a certain type at a certain place, in which case some showing must be made that this person has the ability to recognize that substance through the senses he employed.
Wayne R. LaFave, 2 Search and Seizure: A Treatise on the Fourth Amendment § 3.4 (4th ed.) (citations omitted).

. Despite its claim that a "split of authority” exists on the issue of "how an informant knows the odor ... of marijuana,” the dissent fails to cite even one case holding that a report from a citizen informant on the smell of marijuana is sufficient of itself to authorize police to conduct a warrantless search of private property, absent any indication that the citizen informant had training or experience in detecting the odor of marijuana. And *419 cases the dissent cites for its argument contradict its position. See, e.g., United States v. Merryman, 630 F.2d 780, 784 (10th Cir.1980) ("This Circuit has held that the smelling of marijuana by an experienced observer furnishes probable cause for the search.”) (Emphasis added).

. People v. Schulle, 51 Cal.App.3d 809, 124 Cal.Rptr. 585 (1975) (14-year-old girl who stated that she was familiar with marijuana told police officer that she had seen marijuana in her stepfather’s bedroom); People v. Paris, 48 Cal.App.3d 766, 122 Cal.Rptr. 272 (1975) (a reserve police officer trained to recognize the substance who personally witnessed the alleged criminal activity is a presumptively reliable informant); State v. Mordowanec, 259 Conn. 94, 788 A.2d 48 (2002) (court examined informant's-basis of knowledge and veracity, as well as information provided in tip, witness "detected a strong odor of marijuana, claiming that he ‘knows marijuana citing the fact that he is a "Vietnam vet” ' ”); State v. Doyle, 96 Wis.2d 272, 291 N.W.2d 545 (1980) (citizen personally observed the alleged criminal activity and explained he recognized marijuana because he had seen it in service in Vietnam).

. Defense counsel timely raised this issue in the suppression hearing.